WOODCOCK v. WALKER. (No. 331/149.)

(Supreme Court, Appellate Division, Third Department. November 10, 1915.)

MASTER AND SERVANT ⊜⊐250¾, New, vol. 16 Key-No. Series—WORKMEN'S COMPENSATION—PARTIES ENTITLED TO PAYMENT.

    Under Workmen's Compensation Act (Consol. Laws, c. 67) § 16, providing that the compensation known as a death benefit shall be payable "to or for the benefit of the following persons: * * * If there be a surviving wife, thirty per centum of the average wages of the deceased during widowhood, * * * and if there be surviving child or children, the additional amount of ten per centum of such wages for each such child"— and section 20, as amended by Laws 1915, c. 167, authorizing the widow as the principal dependent to make an agreement with the employer, subject to the approval of the Commission, as to the payment of the award, both to herself and for her children, the moneys allotted to infant children in case of death may be paid to the widow, especially in view of the provision of the Domestic Relations Law in regard to real estate, under which, if there be no general guardian, the mother is the general guardian of infants.

Proceeding under the Workmen's Compensation Act by Marcella J. Woodcock, widow of Hiram L. Woodcock, to obtain compensation for herself and children for the death of her husband, opposed by Fred S. Walker, employer, and the Employers' Liability Assurance Corporation, insurance carrier. Question of law certified under section 23 of the Workmen's Compensation Law. The question certified is as follows:

    May the compensation of Celia Grace Woodcock, Don C. Woodcock, and Margery L. Woodcock, minor children of the deceased, be paid to Marcella J. Woodcock, widow and principal dependent of the deceased?

Question answered in affirmative.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Bertrand L. Pettigrew, of New York City (Walter L. Glenney, of New York City, of counsel), for employer.

Jeremiah F. Connor, of New York City, for Compensation Commission.

Egburt E. Woodbury, Atty. Gen., and Harold J. Hinman, Deputy Atty. Gen., for the Attorney General.

SMITH, P. J. The employer and insurance carrier stand neutral upon this question. All parties simply desire an interpretation of the law, that it may be determined to whom the moneys allotted to the

⊜⊐For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

infant children of the deceased shall be paid.  Section 16 of the Compensation Act provides that:

"The compensation known as a death benefit shall be payable in the amount and to or for the benefit of the following persons:

"2. If there be a surviving wife  *  *  *  thirty per centum of the average wages of the deceased during widowhood,  *  *  *  and if there be surviving child or children of the deceased under the age of eighteen years, *the additional amount* of ten per centum of such wages for each such child until the age of eighteen years."

This provision of the statute would seem to authorize the payment to the wife, not only of her 30 per cent., but of *the additional amount* which is allotted for the support of the several children.   This conclusion is supported by the provision of section 20 of the Workmen's Compensation Law, as amended by Laws 1915, c. 167, which authorizes the wife, as the principal dependent, to make an agreement with the employer, subject to the approval of the Commission, as to the payment of the award both to herself and for her children.   There is no other provision in the act as to the payment of the award to infant children, and it does not seem probable that it was the intention of the Legislature to require the appointment of a general guardian, with an attendant expense, in order to enable the children to collect the amounts alloted to them under the act.   Under Domestic Relations Law (Consol. Laws, c. 14) § 80, in regard to real estate, if there be no general guardian, the mother is the general guardian of the infants.   This law by analogy tends to support the construction thus given.   All concur.