SMITH, P. J., and WOODWARD, J., concur. KELLOGG and LYON, JJ., dissent.

---

DEARBORN v. PEUGEOT AUTO IMPORT CO.   (No. 235/44.)

(Supreme Court, Appellate Division, Third Department.   November 10, 1915.)

MASTER AND SERVANT ☞250¾, New, vol. 16 Key-No. Series—INJURIES TO SERVANT—WORKMEN'S COMPENSATION ACT—PARTIES PLAINTIFF—"LEGAL REPRESENTATIVE."

Workmen's Compensation Act (Consol. Laws, c. 67) § 52, provides that the failure to secure the payment of compensation shall authorize the injured employé or his dependents to maintain an action for damages as prescribed by section 11, which provides that an injured employé, or his legal representative in case death results from the injury, may at his option elect to claim compensation under this chapter or to maintain an

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

action in the courts for damages. *Held*, that the phrase "legal representative" means the dependent, and not the executor or administrator.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Legal Representative.]

Appeal from Workmen's Compensation Commission.

Proceeding under the Workmen's Compensation Act by Nilla Dearborn, widow of Franklin H. Dearborn, to obtain compensation for the death of her husband, opposed by the Peugeot Auto Import Company. Compensation was awarded, and the employer appeals. Award set aside, and case remanded, with instructions.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Isaac M. Aron and Studin & Sonnenberg, all of New York City (Charles H. Studin, of New York City, of counsel), for appellant.

Swan, Moore & Danforth, of New York City (Joseph R. Swan, of New York City, of counsel), for respondent.

Jeremiah F. Connor, of New York City, for Workmen's Compensation Commission.

Egburt E. Woodbury, Atty. Gen. (E. C. Aiken, Deputy Atty. Gen., of counsel), for respondent.

SMITH, P. J. The employer failed to take out insurance required by the Compensation Law. By section 52 of that law:

The "failure to secure the payment of compensation shall have the effect of enabling the injured employé *or his dependents* to maintain an action for damages in the courts, as prescribed by section 11 of this chapter."

Section 10 provides the liability for compensation, and section 11 reads:

"The liability prescribed by the last preceding section shall be exclusive, except that if an employer fail to secure the payment of compensation for his injured employés and their dependents as provided in section 50 of this chapter, an injured employé, *or his legal representative in case death results from the injury*, may, at his option, elect to claim compensation under this chapter, or to maintain an action in the courts for damages on account of such injury; and in such an action it shall not be necessary to plead or prove freedom from contributory negligence, nor may the defendant plead as a defense that the injury was caused by the negligence of a fellow servant nor that the employé assumed the risk of his employment, nor that the injury was due to the contributory negligence of the employé."

Upon an examination of the whole statute, in connection with the purposes of its enactment, I am convinced that the "legal representative" referred to in section 11 means the dependent and not the executor or administrator. In Woodcock v. Walker, 155 N. Y. Supp. 702, decided this term, we are holding that the allowance to an injured child is payable to the widow, and in the opinion it is stated:

"It does not seem probable that it was the intention of the Legislature to require the appointment of a general guardian, with an attendant expense, in order to enable the children to collect the amounts allotted to them under the act."

This "legal representative" may elect either to proceed under the Compensation Law before the Commission, or to bring an action. By parity of reasoning it is not probable, at least if election be made to proceed under the Compensation Law, that first an executor or administrator must be appointed, with its attendant expense. Such a construction would be contrary to the general scheme of the statute, and would tend to make a proceeding more complex than would be a proceeding directly by the dependent himself. A dependent who was not a next of kin and not a creditor would have no standing in Surrogate's Court to compel the appointment of a "legal representative," as the term is sought to be interpreted by defendants. The ordinary action for negligence given to the personal representative of a deceased is brought for the benefit of next of kin. The action here authorized is brought for the benefit of certain dependents, and must be decided upon rules of law differing materially from those which govern the ordinary action for negligence by the personal representative.

Again, this election to be made either to proceed under the Compensation Act or by separate action would more naturally be made by those directly interested than by any one representing the estate as a personal representative. It may be suggested that there might be difficulties in case some of the dependents might elect one course and some another. The answer to that suggestion would seem to rest in the provision of section 29, which provides in a certain case for the election by dependents, and provides:

"That such election shall be evidenced in such manner as the Commission may by rule or regulation prescribe."

So election under section 11 might be exercised "in such manner as the Commission may by rule or regulation prescribe."

Notwithstanding this conclusion, I am of the opinion that the matter should be sent back to the Commission to ascertain the exact status of the deceased, through whom claimants assert their claims. The defendants before the Commission apparently relied upon their legal ground that the proceeding could only be brought by a personal representative appointed by the surrogate, although the objection was never formally taken until this appeal. If this matter be sent back to the Commission, the contract under which the claimed employé was acting may be introduced in evidence, and his exact relation to the employer be established. In my judgment, this award should be set aside, and the matter referred back to the Commission, that opportunity may be given to the defendants to introduce such evidence as they may desire upon the nature of the employment of the deceased.

KELLOGG and LYON, JJ., concur.

HOWARD, J. (concurring in result). In this case a dependent widow, assuming to have the right to do so under section 11 of the Workmen's Compensation Law, has elected to claim compensation under this act. The employer, who appeals from the award herein, contends that the widow was not authorized by section 11 of the act to make the election and prosecute the claim herein, but that it could

only be done by the "legal representative" of the deceased; that is, by the executor or administrator.

Section 11 of the Workmen's Compensation Law provides that:

"If an employer fail to secure the payment of compensation for his injured employés and their dependents, * * * an injured employé, or his legal representative in case death results from the injury, may, at his option, elect to claim compensation under this chapter, or to maintain an action in the courts for'damages on account of such injury."

Section 52 of the act provides that:

"Failure to secure the payment of compensation shall have the effect of enabling the injured employé or his dependents to maintain an action for damages in the courts, as prescribed by section 11 of this chapter."

These two sections are in discord. They do not work together. Either one or the other must be, to a certain extent, a nullity unless the courts harmonize them. The dependents of a deceased employé cannot maintain an action "as prescribed by section 11," for section 11 makes no provision whatever for an action by dependents. Therefore we must hold, either that the words "legal representatives" in section 11 mean dependents, or that the word "dependents" in section 52 means legal representatives. This must be our position, unless we are willing to hold that the effect of both sections (if we are to accept them literally) is to give a cause of action to either the legal representatives or the dependents. But this, probably, was not the intention of the Legislature. The spirit of the Workmen's Compensation Law, as well as sound reasoning and precedent, require us to hold that the words "legal representatives," as used in section 11, should not be restricted to their narrow, legal, technical meaning, but should be so construed by us as to avoid the interposition of any agency of delay between a dependent widow and the succor given by this humane law.

A "legal representative"—that is, an executor or administrator—could in no event have any interest in the award. An executor or administrator stands in the shoes· of the deceased, and represents the estate of the deceased—represents it, among other things, in its relation to creditors. But creditors have no claim, and can never have any claim, to awards under this act. Section 33, Compensation Act. The compensation provided for in the act, in case of death, goes to the dependents to furnish food and shelter and support—not to the legal representatives to pay debts and commissions. The whole scheme of the law, in the prosecution of claims, is simplicity. Indirection, red tape, roundabout routes, the intervention of unnecessary parties and officials, useless delay—all this the Compensation Law seeks to avoid. Everything must be summary, simple, and speedy. All superfluities are repugnant to the spirit of the act.

But we are not forced to take the initiative in holding that the expression "legal representative" does not necessarily mean executor or administrator. The Court of Appeals has established a precedent for us; a precedent even under normal laws. Griswold v. Sawyer, 125 N. Y. 411, 26 N. E. 464. But here we are dealing with an extraordinary statute, a statute modern and revolutionary, and every word of which breathes summary justice. Therefore, if under the common

law the expression "legal representative" has been held flexible enough to mean "next of kin," a fortiori it should here be held flexible enough to mean dependents.

The award, except as to the penalty of 50 per cent., should be affirmed.

WOODWARD, J., votes to reverse, and to disallow the claim.