HERMAN LINDEBAUER, Plaintiff, *v.* EDWARD WEINER, Defendant.

(County Court, Niagara County, March, 1916.)

Pleading — complaint in action to recover for personal injuries — insufficiency of demurrer to answer.

Where a complaint does not allege facts sufficient to constitute a cause of action a demurrer to the answer for insufficiency will not lie.

The complaint in an action to recover for personal injuries to plaintiff received in assisting in the operation of a threshing machine while in defendant's employ alleged that while plaintiff was at work on the machine and standing upon the steps thereof defendant caused a threshing engine to be backed up against and upon plaintiff in such a manner as to crush his legs against an iron bar. Then followed allegations as to the extent of plaintiff's injuries and that he was compelled to incur expense for medical aid and treatment, but there was no allegation of any negligence on the part of defendant. An issue of fact as to the extent of plaintiff's injuries was raised by a denial in the answer which, in a separate paragraph, alleged that plaintiff was at the time under the influence of intoxicating liquor and that his injury was solely the result of his intoxication, also that the injury resulted solely from plaintiff's own

negligence and not from any act or omission of defendant. Held, that a demurrer to the answer on the ground that it was insufficient in law to constitute a defense must be overruled, and plaintiff's motion for judgment on the pleadings pursuant to section 547 of the Code of Civil Procedure denied.

MOTION for judgment on the pleadings.

Smith & Maldiner (Frank J. Maldiner, of counsel), for plaintiff.

A. E. Ouchie (M. A. Gearon, of counsel), for defendant.

FISH, J.   Motion for judgment on the pleadings pursuant to section 547 of the Code of Civil Procedure.   The action is by servant against master to recover damages received in assisting in the operation of a threshing machine while in the employ of the master.   The complaint alleges that the plaintiff was employed by the defendant to assist in the operation of a threshing machine; that in October, 1914, while the plaintiff was in such employ, working upon such machine, assisting in the operation and standing upon the steps thereof, the defendant caused a threshing engine to be backed up against and upon the plaintiff in such a manner as to crush plaintiff's left leg against an iron bar thereby injuring such leg; then follow allegations as to the extent of such injuries and that the plaintiff was compelled to incur expenses for medical aid and treatment, also that the defendant had not secured compensation as provided in section 50 of the Workmen's Compensation Law and that the plaintiff suffered damages in the sum of $500 to recover which the action is brought.

There is no allegation of any negligence on the part

of the defendant. The answer admits the employment and that the plaintiff was slightly injured but denies the extent of the injuries alleged in the complaint and denies that the plaintiff was compelled to incur expenses for medical aid and treatment. The answer in a separate paragraph alleges that the plaintiff was at the time under the influence of intoxicating liquors and that his injury was solely the result of his intoxication, also that the injury resulted solely from the plaintiff's own negligence and not from any act or omission of the defendant. The plaintiff demurred to the answer on the ground that it is insufficient in law to constitute a defense.

This action is brought as stated in the brief of plaintiff's counsel under section 11 of article 3 of the Workmen's Compensation Law; and it is claimed by plaintiff that the operation of a threshing machine is a hazardous employment within group 41 of section 2 of article 1 of the act, which reads as follows: " Group 41. The operation, otherwise than on tracks, on streets, highways or elsewhere of cars, trucks, wagons or other vehicles, and rollers and engines, propelled by steam, gas, gasoline, electric, mechanical or other power or drawn by horses or mules."

The sufficiency of a demurrer may in a proper case be tested by a motion under said section of the Code and an issue of law raised thereby tried upon the merits. *Delmar* v. *Kinderhook Knitting Co.,* 134 App. Div. 558; *Posner* v. *Rosenberg,* 149 id. 272. This demurrer, however, must be overruled for the following reasons: (1) It is well settled that a demurrer to an answer for insufficiency will not lie if the plaintiff does not state facts sufficient to constitute a cause of action (*Baxter* v. *McDonnell,* 154 N. Y. 436), as "a bad answer is good enough for a bad complaint." There is no allegation in the com-

plaint that the injuries complained of were occasioned·
by any fault of the defendant. At common law the lia-
bility of the master for an injury to his servant while
engaged in the master's work is based on the fault of
the master, and without fault there was no liability
(*Ives* v. *South Buffalo R. Co.,* 201 N. Y. 272), and
I do not think it was the intention of the legisla-
ture to change the common law in, this respect as to
the alternative remedy by action provided for in said
section 11. In the very preceding section in prescrib-
ing liability for the compensation it is provided that
every employer shall pay or furnish compensation in
accordance with the act " without regard to fault as
a cause of such injury; " and if it had been the intent
to create an alternative remedy by action not based
on the master's fault the legislature would have so
stated. In such an action they expressly destroy the
defense of contributory negligence, negligence of a
fellow servant and assumed risk and make it unneces-
sary for plaintiff to plead or prove freedom from con-
tributory negligence, so far they change the common
law but no further. In so far as this statute provided
for compensation to injured workmen it is to be con-
strued with· fair liberality to accomplish its benefi-
cent purposes. *Matter of Petrie,* 215 N. Y. 335.
Those purposes appear in the report of the Wain-
wright commission to the legislature of 1910 and are
stated by Judge Woodward in *Matter of Rheinwald*
v. *Builders' Brick & Supply Co.,* 168 App. Div. 425.
The reason for the act rests upon a fundamental prin-
ciple of government first advocated by Bismarck in
Germany in about the year 1880 and later by Lord
Salisbury in England; that fundamental principle is
that in a modern industrial state the risk of injury to
workmen while engaged in the employer's service is
a social risk, chargeable against the business itself,

the losses arising from which are to be added to the productive cost and to be borne ultimately by the community at large.  This principle has been generally accepted in Europe for years and is regarded by sociological writers as a forward step in the progress and development of a civilized state.  It permits an injured workman or in the event of his death his dependents to demand as a right that which they were often compelled to ask as a charity with the ultimate costs in either event upon the community.  The purposes of the act are to provide compensation for injuries sustained or deaths incurred by employees in the hazardous employments specified in the statute without regard to fault as a cause thereof.  The plaintiff, however, does not seek compensation under the act, but avails himself of the alternative remedy by action in which his damages could be assessed by a jury and it is a well-settled rule that statutes will not be construed as changing the common law unless the intention to make such a change clearly appears.  *Wood* v. *Tunnicliff*, 74 N. Y. 43.

(2) The answer denies the extent of the plaintiff's injuries and thus raises an issue of fact to be tried out.

It is unnecessary to determine at this time whether the operation of a threshing machine is a hazardous employment referred to in the Workmen's Compensation Law.  That question would seem to depend upon whether it is a vehicle within the meaning of the term "other vehicles" as such term appears in said group 41.

Motion denied and demurrer overruled, with ten dollars costs.