CAROLINE HANKE, as Administratrix, etc., of ANTONIO HANKE, Deceased, Appellant, *v.* THE NEW YORK CONSOLIDATED RAILROAD COMPANY, Respondent.

Second Department, December 21, 1917.

**Workmen's Compensation Law — death caused by person not employer — election of remedies — Workmen's Compensation Law, section 29, construed — widow may elect for minor child — subrogation to action against wrongdoer — administration not essential.**

Under section 29 of the Workmen's Compensation Law relating to an election of remedies where an employee is killed by the wrongful act of another not in the same employ, and allowing the dependents to elect whether to take compensation from the employer under the statute, or to pursue the remedy against the wrongdoer, and providing for an assignment of the claim against the wrongdoer if the dependents elect to take under the statute, the widow of the decedent may elect, not only for herself but for her minor child, to take under the statute.

When she has so elected and has received the award made to herself and child, the employer or the State, as the case may be, is subrogated to the right of action against the wrongdoer, and such action cannot thereafter be brought on behalf of said dependents.

The above rule was in force by implication even before section 29 was amended by chapter 622 of the Laws of 1916, so as to give in express terms to a parent or guardian the right to elect for a minor.

A widow need not have been appointed administratrix of her husband's estate in order to make such election for herself and child.

APPEAL by the plaintiff, Caroline Hanke, as administratrix, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 21st day of December, 1916, upon the verdict of a jury rendered by direction of the court, and also from an order

entered in said clerk's office on the 24th day of November, 1916, denying plaintiff's motion for a new trial made upon the minutes.

*Ralph G. Barclay* [*Robert Stewart* with him on the brief], for the appellant.

*Harold L. Warner* [*D. A. Marsh* and *George D. Yeomans* with him on the brief], for the respondent.

STAPLETON, J.:

The death of plaintiff's intestate occurred while he was in a hazardous employment. His employer was the Transit Development Company, a domestic corporation. A verdict was directed against plaintiff in this action, and from the judgment entered upon it this appeal is taken.

We will assume that the evidence made it a question of fact for the jury to determine whether the neglect of the defendant was a proximate cause of the injuries from which death ensued, and that unless a separate defense pleaded in the answer barred the plaintiff's recovery, a verdict should not have been directed.

The facts alleged as constituting that defense are that the deceased was employed by the Transit Development Company in a hazardous employment within the meaning of the Workmen's Compensation Law (Laws of 1914, chap. 41, as amd. by Laws of 1914, chap. 316, constituting Consol. Laws, chap. 67); that his death resulted from an accidental personal injury arising out of and in the course of his employment, and that the Transit Development Company, on or about July 1, 1914, secured, and has ever since kept secure, the payment of compensation for the disability or death of its employees as required by the Workmen's Compensation Law under and in pursuance of subdivision 3 of section 50 of that law. All of this was admitted on the trial. The answer further alleged that Caroline Hanke, widow of the deceased, on behalf of herself and her child, Casimier Hanke, who was twelve days of age at the time of the father's death, filed on February 25, 1915, in accordance with the provisions of the Workmen's Compensation Law, a claim for compensation and elected to take compensation from the Transit Develop-

ment Company; that on March 16, 1915, the Workmen's Compensation Commission made an award to said Caroline Hanke and Casimier Hanke and that all payments under such award, accruing to a given date, had been paid to and accepted by the said Caroline Hanke and Casimier Hanke. It also alleged that on April 20, 1915, the Transit Development Company commenced an action against the defendant to recover upon the cause of action arising out of the injury and death of said Antonio Hanke, the deceased, claiming to be subrogated to the rights and remedies of said Caroline Hanke and Casimier Hanke. Evidence, not disputed, was offered on the trial in proof of the facts alleged. Among the documents received in evidence was a record of the proceeding in the matter of the claim of Caroline Hanke to recover for the death of her husband, including the findings of the Workmen's Compensation Commission and the award made by the Commission to both Caroline Hanke and Casimier Hanke. That record shows that the Commission awarded to Caroline and her child bi-weekly payments of ten dollars and eighty-four cents, of which eight dollars and fourteen cents was for herself and two dollars and seventy cents for the child. She received and accepted payments under that award. She made application to the Commission to withdraw her claim for compensation, and her application was denied on the ground that an award had been made and that she had accepted payments on account thereof.

Section 29 of the Workmen's Compensation Law, as it was at the time of the death of the intestate, read:

"§ 29. Subrogation to remedies of employee. If a workman entitled to compensation under this chapter be injured or killed by the negligence or wrong of another not in the same employ, such injured workman, or in case of death, his dependents, shall, before any suit or claim under this chapter, elect whether to take compensation under this chapter or to pursue his remedy against such other. Such election shall be evidenced in such manner as the Commission may by rule or regulation prescribe. If he elect to take compensation under this chapter, the cause of action against such other shall be assigned to the State for the benefit of the State insurance fund, if compensation be payable therefrom,

and otherwise to the person or association or corporation liable for the payment of such compensation, and if he elect to proceed against such other, the State insurance fund, person or association or corporation, as the case may be, shall contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided or estimated by this chapter for such case. Such a cause of action assigned to the State may be prosecuted or compromised by the Commission. A compromise of any such cause of action by the workman or his dependents at an amount less than the compensation provided for by this chapter shall be made only with the written approval of the Commission, if the deficiency of compensation would be payable from the State insurance fund, and otherwise with the written approval of the person, association or corporation liable to pay the same." (Consol. Laws, chap. 67 [Laws of 1914, chap. 41], § 29.)

A point in the brief of the appellant presents this statute for interpretation. The point is stated:

"The claim for compensation should not be construed as an election, or as an assignment, and in any event, not an election or assignment upon the part of the infant, Casimier."

In developing her point the appellant argues that the election and assignment are invalid for the reason that on the date she signed the instrument in which she made the claim for compensation under section 16 of the Workmen's Compensation Law and assigned the cause of action against the defendant, she was not in a position to make any election between the claim and the remedy by suit against the defendant tort feasor because, not then being administratrix, she had no control over the action for death given by the Code of Civil Procedure, and had no power or authority to waive it or assign it; and, furthermore, if she could elect to waive her own benefits accruing from a suit to recover for damages for the pecuniary injury she suffered through the death of her husband, and assign her claim, she could not, in her private capacity, waive or assign the claim of the other beneficiary, the decedent's child.

In support of her contention she offers the decision in

*Stuber* v. *McEntee* (142 N. Y. 200). That action was one by administrators to recover damages in an action brought under sections 1902 to 1905 of the Code of Civil Procedure. The defendant paid a sum of money to one of the plaintiffs, not a statutory beneficiary, before his appointment as administrator of the goods, chattels and credits which were of the decedent whose death was caused by the defendant's neglect. The plaintiff, who received the money, gave therefor a receipt which stated that the payment was for all expenses caused by the death and that he had no further claim against the defendant. The court held that the receipt was not a settlement of the claim or a bar to the action.

The appellant directs attention to the fact that after the action at bar was commenced, and by chapter 622 of the Laws of 1916, the Workmen's Compensation Law was amended by adding to section 29 thereof the following provision: " Wherever an employee is killed by the negligence or wrong of another not in the same employ and the dependents of such employee entitled to compensation under this chapter are minors, such election to take compensation and the assignment of the cause of action against such other and such notice of election to pursue a remedy against such other shall be made by such minor, or shall be made on behalf of such minor by a parent of such minor, or by his or her duly appointed guardian, as the Commission may determine by rule in each case."

It is now desirable to expose section 16 of the Workmen's Compensation Law (as amd. by Laws of 1914, chap. 316):

" § 16. Death benefits. If the injury causes death, the compensation shall be known as a death benefit and shall be payable in the amount and to or for the benefit of the persons following:

" 1. Reasonable funeral expenses, not exceeding one hundred dollars;

" 2. If there be a surviving wife (or dependent husband) and no child of the deceased under the age of eighteen years, to such wife (or dependent husband) thirty per centum of the average wages of the deceased during widowhood (or dependent widowerhood) with two years' compensation in one sum, upon · remarriage; and if there be surviving child or

children of the deceased under the age of eighteen years, the additional amount of ten per centum of such wages for each such child until the age of eighteen years; * * * provided that the total amount payable shall in no case exceed sixty-six and two-thirds per centum of such wages.

" 3. If there be surviving child or children of the deceased under the age of eighteen years, but no surviving wife (or dependent husband) then for the support of each such child until the age of eighteen years, fifteen per centum of the wages of the deceased, provided that the aggregate shall in no case exceed sixty-six and two-thirds per centum of such wages.

" 4. If the amount payable to surviving wife (or dependent husband) and to children under the age of eighteen years shall be less in the aggregate than sixty-six and two-thirds per centum of the average wages of the deceased, then for the support of grandchildren or brothers and sisters under the age of eighteen years, if dependent upon the deceased at the time of the accident, fifteen per centum of such wages for the support of each such person until of the age of eighteen years; and for the support of each parent, or grandparent, of the deceased if dependent upon him at the time of the accident, fifteen per centum of such wages during such dependency. But in no case shall the aggregate amount payable under this subdivision exceed the difference between sixty-six and two-thirds per centum of such wages, and the amount payable as hereinbefore provided to surviving wife (or dependent husband) or for the support of surviving child or children.

" Any excess of wages over one hundred dollars a month shall not be taken into account in computing compensation under this section. All questions of dependency shall be determined as of the time of the accident."

This court, in the Third Department, in *Matter of Woodcock* v. *Walker* (170 App. Div. 4), decided that under section 16 of the Workmen's Compensation Law the surviving wife and principal dependent is entitled not only to thirty per centum of the average wages of the deceased during her widowhood, but also to the additional amount of ten per centum of such wages for each minor child until the age of eighteen years.

We see no reason why a widow with a dependent child should not, for herself and her child, make an election under section 29 of the act; and we consider that the provision added to that section by chapter 622 of the Laws of 1916, which we have hereinbefore quoted, has no greater effect than to make plain a provision which before the amendment was not clear, and that it was not designed to give a power which theretofore did not exist.

The *McEntee* case presents no obstacle to the passing of a law whereby the widow, for herself and her infant children, next of kin of the deceased, for whose benefit the cause of action was given by the Code of Civil Procedure, might in certain cases and for certain purposes assign the cause of action. That is exactly what the Legislature has done in the Workmen's Compensation Law. The Legislature had the task of providing certain and speedy compensation for the dependents of those killed in hazardous employments which it designated and grouped. In formulating the policy many rules of common-law liability had to be abolished and an insurance feature had to be established. The liability of joint tort feasors had to be considered. A constitutional provision against abrogating the right of action to recover damages for injuries resulting in death had to be observed. The conservation of the home of the workman with a wife and minor children was a dominant circumstance. The incapacity of minors to contract and to waive without special legislative authority, even if mentally capable of contracting and waiving, had to be borne in mind. Tedious and expensive litigation was to be avoided and unnecessary forms were to be dispensed with. To the success of the plan an exclusive remedy was necessary. The Legislature did not attempt to abrogate the right of action to recover damages for injuries resulting in death when those injuries were caused by the negligence or wrong of another not employed by the same employer. It required the dependents, if they would have the full benefit under the act, to make an election. They are to elect whether to take from the decedent's employer or to pursue their remedy against the person other than the decedent's employer whose negligence or wrong caused the death of the deceased. If they elect to take compensation

from the employer, the cause of action against the other shall be assigned to the State for the benefit of the State insurance fund if compensation be payable therefrom, or otherwise to the person or association or corporation liable for the payment of such compensation; and if they elect to proceed against such other, the State insurance fund, person, association or corporation, as the case may be, shall contribute only the deficiency, if any, between the amount recovered against such other person and actually collected and the compensation provided or estimated by the Workmen's Compensation Law.

We must presume that the Legislature, when it passed this law, knew that the only right of action was that given by the Code of Civil Procedure (§§ 1902–1905) and preserved by the Constitution (Art. 1, § 18), and that it had no power to affect that right of action except in so far as it was authorized so to do by section 19 of article 1 of the Constitution. In a case where the negligence or wrong of another wholly or partially caused the injury resulting in death, the Legislature did not wish to exclude from the benefits of the Workmen's Compensation Law the dependents of an employee whose death resulted from an accidental personal injury sustained by him in the course of his employment and arising out of it, without regard to his fault as to the cause of such injury excepting the personal faults specifically condemned by the statute. Neither did it wish to disregard the salutary common-law rule that there shall not be a double satisfaction for the same injury. In conferring upon such dependents the benefits of the statute, the Legislature may not have been precise and may not always have regarded with nicety words used in the Code of Civil Procedure in establishing the right of action; but it is quite plain that it regarded the substance rather than the form; that it had in mind the beneficiaries rather than the legal representatives as that term is ordinarily understood. It did not remit the dependents of an employee, unless they or the parent or other person authorized to speak for them, wished, to the hazards of a litigation which might be protracted and fruitless. It was enacting a workable statute to promote an important reform in jurisprudence. To make the procedure simple and

inexpensive, the creator of statutory guardians dispensed with them. In the same effort to effect inexpensiveness and simplicity, it eliminated legal representatives and created another statutory agent to act in behalf of infant beneficiaries.

We have examined the other points of the appellant in which error is assigned, but we do not think it is necessary to discuss them.

The judgment and order should be affirmed, with costs.

Present — JENKS, P. J., THOMAS, STAPLETON, RICH and BLACKMAR, JJ.

Judgment and order unanimously affirmed, with costs.