Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the· Claim of CLEMENTINA BALAIS, Widow and Minor Dependents, Respondents, for Compensation under the Workmen's Compensation Law for the Death of Her Husband, GIACOMO BALAIS, *v.* BRADY & GIOE, Employer, and THE TRAVELERS INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, November 12, 1919.

**Workmen's Compensation Law — judgment — res judicata — judgment on merits in action by widow suing as administratrix for death of husband not a bar to award — difference of subject-matter involved in two proceedings.**

Persons suing or being sued in their official or representative capacity are in contemplation of law distinct persons and strangers to any right or liability as an individual, and consequently a former judgment concludes a party only in the character in which he was sued.

Accordingly a widow who is defeated on the merits in an action brought by her as administratrix of the estate of her deceased husband to recover damages for his death is not barred, as an individual, from claiming compensation under the Workmen's Compensation Law.

Not only are the parties different, but the subject-matter involved is different. In the one case the Workmen's Compensation Law provides a definite sum to each defendant, based upon the earning power of the decedent at the time of the accident, without reference to negligence, while in an action for wrongful death the jury are permitted only to give a just compensation for the pecuniary injuries, resulting from the decedent's death, to the person or persons for whose benefit the action is brought, and the amount is to be distributed as though it constituted a part of an unbequeathed estate.

APPEAL by the defendants, Brady & Gioe and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 7th day of April, 1919.

*Amos H. Stephens* [*E. C. Sherwood* and *William B. Davis* of counsel], for the appellants.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

WOODWARD, J.:

There does not appear to be any serious question that the claimant would be entitled to the award which has been made in this case, except for the fact that the present claimant, as administratrix of the estate of her decedent, brought an action in the Supreme Court to recover for the death of the intestate, in which action she was defeated upon the merits, and it is now urged that having elected to sue, the claimant has made an election which operates as a bar to this proceeding under the Workmen's Compensation Law.

The complete answer to this contention, it seems to us, is the fact that " Clementina Balais, as administratrix of the goods, chattels and credits of Giacomo Balais, deceased," is, in law, an entirely different person from " Clementina Balais and minor dependents " making a claim for compensation under the Workmen's Compensation Law. " It has been repeatedly held," say the court in *Leonard* v. *Pierce* (182 N. Y. 432), " that persons suing or being sued in their official or representative capacity are, in contemplation of law, distinct persons, and strangers to any right or liability as an

individual, and consequently a former judgment concludes a party only in the character in which he was sued. If the judgment was for or against an executor, administrator, assignee or trustee, it would not preclude him, in an action affecting him personally, from disputing the findings or judgment, although the same questions are involved."

Not only are the parties different, but the subject-matter involved is different. In the one case the statute provides a definite sum to each dependent, based upon the actual or constructive earning power of the decedent at the time of the accident, without reference to negligence, while in the other the jury are permitted only to give "a fair and just compensation for the pecuniary injuries, resulting from the decedent's death, to the person or persons, for whose benefit the action is brought" (Code Civ. Proc. § 1904), and the amount is to be distributed as though it constituted a part of an unbequeathed estate. (Code Civ. Proc. § 1903.)

We are of the opinion that the election of an administratrix cannot be a bar to a claim on behalf of the individuals who are given definite rights under the statute, and that the award should not be disturbed.

The award should be affirmed.

Award unanimously affirmed.