## JONES *v.* PRINCETON COAL COMPANY.

[No. 11,470.    Filed April 20, 1923.    Rehearing denied June 26, 1923.    Transfer denied December 15, 1926.]

1. MASTER AND SERVANT.—*Burden of proving want of knowledge of dangerous condition of working place is on the employer.*—Under §3 of the Employers' Liability Law (§9434 Burns 1926, §8020c Burns 1914), in an action for injuries sustained by an employee in defendant's mine when loose rock fell from the roof thereof, causing an electric wire to come into contact with the plaintiff, the defendant had the burden of proving that it did not have knowledge of the loose condition of the rock and that it could not have discovered the fact by ordinarily careful inspection, and the absence of evidence as to its knowledge of such condition or that it could not have discovered the fact by ordinarily careful inspection would not enure to its benefit. p. 471.

2. MASTER AND SERVANT.—*Presumption of continuance of exemption from Workmen's Compensation Act.*—Where an employer has exempted himself from the provisions of the Workmen's Compensation Act under §9448 Burns 1926, it will be presumed that such exemption continues, in the absence of evidence to the contrary, and, if he had taken steps to waive such exemption, the burden is on him to prove such fact.    p. 472.

3. MASTER AND SERVANT.—*Noninsured employer liable for compensation or for damages in common-law action.*—Where an employer has not either insured his liability under the Workmen's Compensation Act or made satisfactory proof to the Industrial Board of his financial ability to pay the compensation provided in the act, an injured employee may prosecute

Jones *v.* Princeton Coal Co.—85 Ind. App. 468.

a claim for compensation under the act or bring an action at law for damages for the injuries.   p. 472.

4. MASTER AND SERVANT.—*Instruction as to right of employer to claim exemption from action at law.*—In an action against an employer for injuries sustained by an employee, in the absence of evidence that the employer had insured its liability under the Workmen's Compensation Act or furnished the Industrial Board satisfactory proof of its financial ability to pay the compensation under that act, the plaintiff was entitled to have the jury instructed that the defendant could not claim exemption from an action at law, and it was error for the court to refuse such an instruction.   p. 474.

5. MASTER AND SERVANT.—*Employers' Liability Law applicable to coal mines employing more than five men.*—The Employers' Liability Law (§§9432-9442 Burns 1926, §§8020a-8020k Burns 1914) is applicable to every person or corporation engaged in business in this state employing more than five men, and hence is applicable to coal mines.   p. 475.

6. MASTER AND SERVANT.—*Employers' Liability Law deals with burden of proof as well as assumption of risk.*—The Employers' Liability Law (§§9432-9442 Burns 1926, §§8020a-8020k Burns 1914) deals with the employer's burden of proof as to knowledge of defects in working place, tools, etc., as well as with the employee's assumption of the risk.   p. 475.

7. MASTER AND SERVANT.—*Workmen's Compensation Act does not repeal Employers' Liability Law.*—The section of the Employers' Liability Law which deals with assumption of the risk and the burden of proof as to knowledge of defects in working place, tools, etc., (§9434 Burns 1926) was not repealed by the Workmen's Compensation Act (§§9446-9522 Burns 1926, Acts 1915 p. 392, §78), as that section is not inconsistent with the Workmen's Compensation Act.   p. 475.

From Gibson Circuit Court; *Robert C. Baltzell,* Judge.

Action by Virgil H. Jones against the Princeton Coal Company.   From a judgment for defendant, the plaintiff appeals.   *Reversed.*   By the second division.

*T. Morton McDonald,* for appellant.

*Lucius C. Embree* and *Morton C. Embree,* for appellee.

NICHOLS, C. J.—Action by appellant against appellee to recover damages for injuries sustained by him while in the employ of appellee as a coal miner.

The only error assigned is the action of the court in overruling appellant's motion for a new trial.

The substantial averments of the paragraph of complaint on which the case was tried are that appellee, at the times herein mentioned, was engaged in operating a coal mine in Gibson county, Indiana, employing more than 100 men, among whom was appellant, who was employed as a motorman to operate an electric motor used in hauling loaded and empty cars, said motor being propelled by means of electricity upon tracks along the travelways in said mine. Prior to the injuries complained of, appellee had strung electric wires along the various travelways of the mine, which were suspended on the roof thereof, and which were charged with 500 volts of electric current, which voltage was dangerous to those who might come in contact therewith. In order to protect employees using such travelways in the performance of their duties from injury, it was necessary that said electric wires be fully insulated and securely fastened in places in the roof of the travelways so that they would not fall into the places used by the employees, where such wires would come in contact with said employees. That appellee carelessly and negligently failed to completely insulate said wires and safely to secure them in the roof of the travelways and, for more than five days before the injuries complained of, permitted loose rock, dirt and other debris to remain in the roof of the main entry of the mine directly above the electric wires where, in the event that such debris should fall, it would loosen the wires and cause them to fall into the main entry and to come in contact with the employees. That during all of said time, said conditions were well known to appellee. That on September 11, 1917, while appellant was operating said electric motor along the main entry of the mine in the course of his employment, the said debris fell out of the roof of said

entry and thereby caused the wires to come in contact with appellant, striking him across the face and head, and he was thereby shocked and his left eye injured to such an extent as to destroy its sight, for which he seeks $10,000 damages. That more than thirty days before said injuries, appellee excepted itself from the operation of the Indiana Workmen's Compensation Act, and posted printed notices in the form which had been approved by the Industrial Board, in conspicuous places in and about said coal mine and its premises, stating that it rejected the terms and provisions of said act, and filed a copy of said notice with said Industrial Board.

There was an answer in denial to the complaint, and the cause was submitted to a jury for trial and a verdict was returned in favor of appellee, upon which, after motion for a new trial was overruled, judgment was rendered.

Instruction No. 2 requested by appellee and given by the court is as follows: "The plaintiff cannot recover in this action if you find from the evidence that the cause of his alleged injury was the falling of a rock from the roof of the entry, whereby the support of the wire was knocked from its place, and caused to fall with the wire, which thereby came in contact with the plaintiff's eye. The reason of this is that there is no evidence before you from which it could be found that the rock which fell was loose for any appreciable time before it fell, or that either the defendant, or its mine boss, knew that it was loose, or could have discovered the fact by ordinarily careful inspection."

Section 9434 Burns 1926, §8020c Burns 1914, being §3 of the Employers' Liability Act, provides in part as follows: "In any action brought against any

1. employer under the provisions of this Act to recover damages for injuries to or the death of, any of his, its or their employees, such employee shall

not be held to have assumed the risk of any defect in the place of work furnished to such employee, or in the tool, implement or appliance furnished him by such employer, where such defect was, prior to such injury, known to such employer, or by the exercise of ordinary care might have been known to him in time to have repaired the same or to have discontinued the use of such defective working place, tool, implement or appliance. The burden of proving that such employer did not know of such defect, or that he was not chargeable with knowledge thereof in time to have repaired the same or to have discontinued the use of such working place, tool, implement or appliance, shall be on the defendant, but the same may be proved under the general denial." Under this provision of the statute, it is clear that the burden of showing want of knowledge of the loose condition of the rock which fell and injured appellant was upon the appellee, and the absence of evidence of want of knowledge of such condition, or of evidence that appellee could not have discovered the fact by ordinarily careful inspection cannot enure to its benefit. *Deer, Admr.,* v. *Sukow Co.* (1915), 60 Ind. App. 277, 110 N. E. 700; *Benkowsky* v. *Sanders & Egbert Co.* (1915), 60 Ind. App. 374, 109 N. E. 942; *Haskell, etc., Car Co.* v. *Timm* (1919), 73 Ind. App. 612; *Standard Steel Car Co.* v. *Martinecz* (1916), 66 Ind. App. 672, 113 N. E. 244. Said instruction No. 2 was erroneous.

It is averred in the complaint that more than thirty days before the injury to appellant, appellee excepted itself from the operation of the Workmen's Com-

2, 3. pensation Act by proper steps to that end, and, at the trial of the cause, appellee made proof of this fact. In the absence of evidence to the contrary, it is presumed that such exception from the operation of the Workmen's Compensation Act continued to the time of the injury complained of. If appellee, after so

excepting itself from the provisions of the act, took steps by which it undertook to waive its exemption from the operation of such act, the burden was upon it to prove such fact.   There was some evidence that appellee had waived such exemption and had posted notices to that effect but appellee introduced no evidence that it had insured its liability or that it had furnished the Industrial Board satisfactory proof of its financial ability to pay direct the compensation in the amount and manner and when due as provided by the act.   It appears by an affidavit furnished by appellant in support of its motion for a new trial upon the ground of newly-discovered evidence that, in fact, appellee did not insure its liability or take any steps in compliance with the provisions of the act until October 31, 1917, which was fifty days after the injury.   It is provided in §§68 and 69 of the Workmen's Compensation Act, being §§9513, 9514 Burns 1926, that the employer shall either insure its liability or make satisfactory proof of its financial ability to pay direct the compensation in the amount and manner, and when due as provided for in the act.   Failing to do these things, it is provided, in addition to certain specified penalties, that the employer shall be liable during the continuance of such refusal or neglect to an employee, either for compensation under the act, or at law in the same manner as provided in §10 of the act.   §9455 Burns 1926.   As it seems to us, clearly under these provisions, appellant had his option to prosecute his claim for compensation either under the Workmen's Compensation Act or by an action at law for damages.   The Supreme Court has held this principle to be the law in *Talge Mahogany Co.* v. *Burrows* (1921), 191 Ind. 167, 130 N. E. 865.   Authorities from other states to the same effect are:   *Solvuca* v. *Ryan, etc., Co.* (1916), 98 Atl. (Md.) 675; *Linderbauer* v. *Weiner* (1916), 159 N. Y. Supp. 987, 94 Misc. Rep. 612; *Pavia*

v. *Petroleum Iron Works Co.* (1917), 164 N. Y. Supp. 790; *Crinieri* v. *Gross* (1918), 172 N. Y. Supp. 695; *Jackson* v. *Industrial Board* (1917), 280 Ill. 526, 117 N. E. 705; *Brabon* v. *Gladwin, etc., Co.* (1918), 167 N. W. (Mich.) 1024; *Elks* v. *Conn* (1919), 172 N. W. (Iowa) 173; *Poe* v. *Continental, etc., Co.* (1919), 211 S. W. (Texas Civ. App.) 488; *State Ind. Comm.* v. *Brady* (1919), 178 N. Y. Supp. 519, 189 App. Div. 408; *Dearborn* v. *Pengeot, etc., Co.* (1915), 155 N. Y. Supp. 769. These authorities are cited under §69 of Bulletin 3 issued by the Industrial Board of Indiana. Appellant having his option under the statute to prosecute his claim under the Workmen's Compensation Act, instructions Nos. 4 and 5 tendered by appellant, did not correctly state the law and there was no error in refusing them.

Because of the total absence of evidence that appellant had, at the time of the accident, insured its liability, or had furnished the Industrial Board satisfactory proof of its financial ability to pay direct the compensation required, it was appellant's right to have the jury instructed that appellee was not in a position to claim exemption from an action at law and, having tendered instruction No. 6 to that effect, it was error for the court to refuse to give it. Having reached this conclusion, we do not need to consider other errors presented. They are not likely to occur at another trial.

The judgment is reversed, with instructions to the trial court to grant a new trial.

## PETITION FOR REHEARING.

NICHOLS, J.—Appellee complains that the court in its original opinion failed to consider the question presented that §8020c Burns' Supp. 1921, deals with specific phases

of the doctrine of the assumption of risks of the servant's employment, and says that the question deals with but one subject, namely, the subject of assumption by the servant of the risk of his employment, and that it does not deal in any way with the matter of the burden of proof. It was appellee's contention in its original brief that the action was not predicated upon the Employers' Liability Act, of which such section is a part. We do not so understand the theory of the complaint. It charges that appellee was engaged in the operation of a coal mine, employing more than 100 men, and it was therefore subject to all the laws of the state applicable to such an employer. The Employers' Liability Act is applicable to every person engaged in business, trade or commerce in this state employing more than five men. That this statute is applicable to coal mines, see: *Vandalia Coal Co.* v. *Alsopp* (1915), 61 Ind. App. 649; *Ayshire Coal Co.* v. *Wilder, Admr.* (1920), 75 Ind. App. 137, 129 N. E. 260. We are unable to understand why appellee would make a statement that the section involved does not in any way deal with the matter of burden of proof. The latter part of the section says: "The burden of proof that such employer did not know of such defect, or that he was not chargeable with knowledge thereof in time to have repaired the same, or to have discontinued the use of such working place, tools, implements or appliances, shall be on the defendant, but the same may be proved under the general denial." Appellant also complains that we failed to consider the question as to whether the section was repealed by the enactment of the Indiana Workmen's Compensation Act of 1915. The compensation act only repeals such acts and parts of acts as are inconsistent with it, and the section involved is not inconsistent with the Workmen's Compensation Act. The petition is denied.