In the Matter of the Administration of the Estate of EDWARD S. ROTH, Deceased.

DOROTHY ROTH, as Administratrix, etc., of EDWARD S. ROTH, Deceased, Appellant; LOTHAIR H. SZERLIP, Petitioner, Respondent.

Second Department, January 30, 1939.

*William D. Cunningham,* for the appellant.

*Arthur D. Brennan* [*John E. Tobin* with him on the brief], for the respondent.

PER CURIAM. The decedent died September 5, 1937, a resident of Westchester county, from injuries received in Queens county when he was struck by an automobile. He left surviving his widow, the appellant, and his daughter, Barbara Roth, aged seven years, both residing in New Rochelle. On September 7, 1937, the appellant, as an individual, in writing, retained the respondent, an attorney, to prosecute or adjust her claim for damages on account of decedent's death and agreed to pay respondent one-third of the amount she should receive. She was appointed administratrix more than five weeks thereafter, on October 14, 1937. The claim for damages did not accrue to her individually, but as administratrix for the benefit of her daughter and herself. (Dec. Est. Law, §§ 130, 133 and 83, subd. 1.) As administratrix she did not retain the respondent nor did she as such ever ratify her individual retainer of him. After the execution of the retainer respondent rendered certain professional services, including appearance in a police court in a prosecution instituted against the operator of the automobile for criminal negligence, investigation of the facts of the accident, negotiations with a casualty insurance company for settlement of the death claim, preparation of the necessary papers on an application for letters of administration and the drafting of a summons and complaint. The widow refused to sign the petition for letters of administration, and about October 7, 1937, discharged the

respondent, notifying him through new attorneys that she had retained the latter. It is inferable that the letters of administration were thereafter issued to her upon her petition under the auspices of her new attorneys and that under the same auspices her claim as administratrix by reason of the decedent's death was compromised for $22,500 about April 21, 1938. On August 10, 1938, a decree upon a final accounting of the widow as administratrix was duly entered settling her account, discharging the administratrix and the surety upon her official bond, and directing distribution. Thereafter, on August 15, 1938, respondent filed a claim against the estate of Edward S. Roth in the sum of $7,500 for services rendered to the administratrix thereof, and subsequently made the application resulting in the order appealed from.

The respondent had no interest in or lien upon the funds of the estate. He was retained only by the appellant as an individual and discharged by her, pursuant to her undeniable legal right so to do, before she made application through other attorneys chosen by her for letters of administration, which were issued to her, and her claim as administratrix thereafter was settled.

On respondent's showing the surrogate was without jurisdiction to make the order appealed from. (Surr. Ct. Act, § 20, subd. 6.) The statute contemplates such an order only where there is shown " fraud, newly discovered evidence, * * * or other sufficient cause." Here neither " fraud " nor " newly discovered evidence " was claimed to exist, and " other sufficient cause " was not shown, because the respondent as matter of law had no claim to the estate nor interest in the assets and was a stranger thereto.

Further, the relationship of attorney and client never existed between the respondent and the administratrix as such. She individually retained him; as an individual she thereafter discharged him; and then, through other attorneys, applied for letters of administration, received them, and prosecuted the claim, never as administratrix ratifying the original employment of respondent, a circumstance which distinguishes this case from *Matter of Reisfeld* (227 N. Y. 137, 141) and from *Matter of Lessig* (165 Misc. 706), upon which respondent relies. The administratrix as such was a person distinct from herself as an individual. (*Vide Leonard* v. *Pierce,* 182 N. Y. 431; *Collins* v. *Hydorn,* 135 id. 320, 325; *Landon* v. *Townshend,* 112 id. 93, 97, 98; *Balais* v. *Brady & Gioe,* 189 App. Div. 408; affd., 228 N. Y. 507.)

The order should be reversed on the law, with ten dollars costs and disbursements, and the application denied, with ten dollars costs, payable to the appellant out of the estate.

184

LAZANSKY, P. J., HAGARTY, DAVIS, ADEL and TAYLOR, JJ., concur.

Order reversed on the law, with ten dollars costs and disbursements, and application denied, with ten dollars costs, payable to the appellant out of the estate.