In the Matter of the Claim of CLARISSA MEACHEM, Respondent, against NEW YORK CENTRAL RAILROAD COMPANY, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, February 6, 1959.

*Whalen, McNamee, Creble & Nichols* (*David S. Williams* of counsel), for appellant.

*David Wanger* for claimant-respondent.

*Louis J. Lefkowitz, Attorney-General* (*Daniel Polansky* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

Foster, P. J. This is an appeal on a shortened record by a self-insured employer from an award of death benefits, and decisions in connection therewith, as made by the Workmen's Compensation Board in favor of the widow and minor son of a deceased workman.

Decedent became totally disabled from a duodenal ulcer suffered as a result of an industrial accident on November 7, 1945. Although appellant controverted a claim for compensation on the ground of lack of causal relation and disability it nevertheless abided by an award of the board and paid disability compensation until decedent's death. On February 24, 1948, some two years and three months after the industrial accident, decedent became involved in an automobile accident with a third party. He died May 9, 1948 and the terminal cause of his death was a perforation of the duodenal ulcer from which he had been suffering. His widow, the claimant here, filed a claim for death benefits with the Workmen's Compensation Board on June 11, 1948, relating her claim to the original industrial accident. On August 3, 1948 appellant filed a notice that it was controverting the death claim for lack of causal relation and reserved the right to controvert for other reasons; and on February 23, 1950 appellant controverted the death claim on the further ground that the Workmen's Compensation Board lacked jurisdiction because the appellant and decedent were engaged in interstate commerce on the date of the industrial accident. This issue was based on the fact that at the time of the industrial accident decedent was employed as a machinist and repairman in the appellant's shops at West Albany, New York, where it is alleged the employer was engaged in the business of repairing locomotives for use in interstate commerce.

Meanwhile, the widow, as administratrix of decedent's estate, instituted an action in the Supreme Court, Albany County, against the third party involved in the automobile accident. The complaint in that action is not in this record but certain records of the Albany County Surrogate's Court are printed which indicate that the action was for wrongful death including a claim for conscious pain and suffering. They also reveal that the administratrix was authorized by the Surrogate to settle the "wrongful death" action, including the claim for conscious pain and suffering, for the sum of $12,000. In another order the Surrogate decreed that certain proceeds of the settlement, after the payment of expenses, were not a part of the decedent's estate and passed by special provisions of law to designated persons or classes of persons, and apportioned such remainder between the widow and two children of the decedent. The pro-

ceeds of an action for pain and suffering form a part of the estate of a decedent (Decedent Estate Law, § 120; *Kwiatkowski* v. *Lowry, Inc.,* 276 N. Y. 126, 130; *Matter of Schwabacher* v. *International Salt Co.,* 272 App. Div. 173, 175); but the proceeds of a wrongful death action do not (Decedent Estate Law, § 133; *Central N. Y. Coach Lines* v. *Syracuse Herald Co.,* 277 N. Y. 110, 113–114). Thus it seems indisputable that the settlement in question embraced, in part at least, an action for wrongful death, although no allocation was made by the Surrogate between the claim for conscious pain and suffering and that for wrongful death.

Appellant did not consent to the settlement but the board has held the lack of such consent did not bar an award for death benefits because it found the automobile accident did not cause decedent's death. The board also held the appellant was estopped from raising an issue of jurisdiction because it had lulled decedent and his widow into a false sense of security by paying compensation on the disability claim, and failed to raise the issue of jurisdiction until the Statute of Limitations had run against any action that might have been commenced under the Federal Employers' Liability Act; and that its decision on the disability claim was *res judicata* on the jurisdictional issue in the death claim.

Appellant raises two issues on appeal. It contends that the action against the third party for wrongful death was within the purview of section 29 of the Workmen's Compensation Law, even though based on an accident occurring after the original injury, and that failure to obtain its consent to the settlement barred the claim for death benefits. It also contends that it should not be held estopped from raising a jurisdictional issue because it controverted the death claim on the ground of causal relation, reserving the right to controvert for other reasons, before the Statute of Limitations had run under the Federal Employers' Liability Act. It seems to have been assumed by the parties that the Statute of Limitations had run on the death claim before appellant specifically raised the jurisdictional issue. We have a different view. The original industrial accident occurred November 7, 1945 and decedent died May 9, 1948. The appellant employer raised the jurisdictional issue specifically on February 23, 1950. Under the Federal Employers' Liability Act the Statute of Limitations is three years (U. S. Code, tit. 45, § 56), and three years had not expired between the date of death and the date on which the employer raised the jurisdictional issue. A cause of action for pain and suffering, loss of wages, etc., accrues when an acci-

dent occurs, but a cause of action for wrongful death under the Federal Employers' Liability Act accrues at death as long as the employee's action for pain and suffering has not yet been barred by the statute. Three years had not expired between the date of the original accident and the date of death, and hence decedent's right of action for personal injuries under the Federal act was *in esse* at the time of his death, although he may have been estopped from asserting it and the Statute of Limitations on a death action only then began to run (*Flynn* v. *N. Y. N. H. & H. R. Co.*, 283 U. S. 53; *B. & O. S. W. R. Co.* v. *Carroll*, 280 U. S. 491; *Reading Co.* v. *Koons*, 271 U. S. 58). Hence an action for death under the Federal act was not barred on February 23, 1950 when appellant raised the issue of the board's jurisdiction in precise terms.

It is true that the conduct of an employer in failing to raise a jurisdictional issue before the Workmen's Compensation Board until after the Statute of Limitations has run under the Federal Employers' Liability Act may amount to an estoppel (*Matter of Ahern* v. *South Buffalo Ry. Co.*, 303 N. Y. 545, affd. 344 U. S. 367). But in the case cited four years had elapsed between the date of the accident and the date of death and, therefore, both causes of action under the Federal Employers' Liability Act had been barred before the employer raised the jurisdictional issue.

However the more decisive issue is whether settlement of the third-party action bars the death claim. No matter how arguments are clothed to sustain the award of death benefits the result is an untoward one of double recovery. Claimant settled a death case on the theory the automobile accident caused, or was one of the causes, of decedent's death; and on the other hand secured an award for compensation death benefits upon a finding of the Workmen's Compensation Board that the automobile accident "was not interlinked with the industrial accident of November 7, 1945, and was not the cause of claimant's death." We recognize that awards under the Workmen's Compensation Law present rather startling anomalies at times but something extraordinary must be invoked to justify the inconsistent results achieved here.

The determinate question presented is whether section 29 of the Workmen's Compensation Law was intended to embrace a third-party action based upon an accident not contemporaneous with an industrial accident where there is some ground for belief that death or disability was caused by a combination of both accidents. A consideration of the purpose of the section

leads to the conclusion that under such circumstances it should be so interpreted. Nothing in its wording bars such a reasonable construction. The pertinent part thereof, in effect at the time of decedent's death and which has not been changed by subsequent amendments, read as follows: " If an employee entitled to compensation under this chapter be injured or killed by the negligence or wrong of another not in the same employ, * * * A compromise of any such cause of action by the employee or his dependents at an amount less than the compensation provided for by this chapter shall be made only * * * with the written approval of the person, association, corporation, or insurance carrier liable to pay the same." (Workmen's Compensation Law, § 29, subd. 5.)

The purpose of the section is plainly to give the employee or carrier a voice in any third-party recovery because it may reduce liability for compensation. Its dictate has been so sternly enforced that an employer has been relieved even though no prejudice, so far as monetary results are concerned, arose from compromise (*O'Brien* v. *Lodi,* 246 N. Y. 46; *Matter of Roth* v. *Harlem Funeral Car Co.,* 243 App. Div. 459, affd. 268 N. Y. 661). If the employer or carrier is required to be consulted before a settlement is made in the situation most commonly encountered, where the third-party action is based upon an accident contemporaneous with the compensable injury, it would seem equally important that the one liable for compensation should be consulted where there may be an issue as to whether a noncontemporaneous accident is related to death or disability. Otherwise the party liable for compensation is foreclosed from testing the issue, precisely in the manner that has happened here. The purpose of the statute is best served by such a broader interpretation and double recoveries may be prevented (*Matter of Parchefsky* v. *Kroll Bros.,* 267 N. Y. 410). While the case cited dealt with malpractice it sustains by implication at least the proposition that an action against a third party for injuries caused jointly by a compensable accident and a later accident is within the purview of section 29 of the Workmen's Compensation Law.

We are not unmindful that aside from the claimant widow the rights of a minor child are involved. The record indicates that the infant was represented by a Special Guardian, appointed by the Surrogate of Albany County in the distribution proceedings, and apparently received his share of the settlement; but it does not appear that he was represented by a guardian, other than the mother, at the time her settlement was nego-

tiated. A question, therefore, arises whether under the language of section 29 of the Workmen's Compensation Law, a settlement by an administratrix, authorized to bring a wrongful death action, is a settlement by all dependents, including infants. We think the section should be construed so as to answer this question in the affirmative; otherwise tedious litigation, indeed a multiplicity of actions, might result (*Hanke* v. *New York Consol. R. R. Co.*, 181 App. Div. 53; see, also, *Skakandy* v. *State of New York*, 274 App. Div. 153, 157, affd. 298 N. Y. 886). We do not believe that the rights of the infant can be regarded here as separate and apart from the settlement any more than infancy tolls the Statute of Limitations in an action for wrongful death (*Mossip* v. *Clement & Co.*, 283 N. Y. 554).

The decisions and award should be reversed, with costs to appellant against the Workmen's Compensation Board, on the ground that the third-party action was settled without the consent of appellant self-insured employer.

BERGAN, GIBSON, HERLIHY and REYNOLDS, JJ., concur.

Decisions and award reversed, with costs to appellant against the Workmen's Compensation Board, on the ground that the third-party action was settled without the consent of appellant self-insured employer.