James A. Roe, Jr., J.
Motion by the widow of the plaintiff and his administratrix pursuant to letters of administration dated April 17, 1962, for permission ‘ ‘ individually and as the administratrix of plaintiff’s estate, to serve an amended complaint, as proposed herein, alleging two new and additional causes of action, and which came into existence after the commencement of this action, and for an order bringing in and substituting Cecilia Rosenberg, individually and as administratrix of the Estate of Henry D. Rosenberg, as a party plaintiff herein, in the place and stead of the plaintiff, Henry D. Rosenberg ’ ’.
The accident underlying this action occurred in May, 1956. The plaintiff died on June 25, 1962. No competent medical proof whatsoever has been presented showing a causal relation between the accident and the death of the plaintiff six years later. Accordingly, permission to add a statutory cause of *178 action for wrongful death cannot be granted upon the present papers. (See Eldon v. Rosen, 124 N. Y. S. 2d 831.)
The motion is granted solely to the extent of substituting the administratrix as the plaintiff in the action, without prejudice to renewal so far as the cause of action for wrongful death is concerned.
With respect to the proposed second cause of action which is asserted as an independent cause on behalf of the widow individually, it is clear that no such cause of action lies. Were the husband alive, his wife could not vindicate any of her marital interests by an independent action on her own behalf against the defendant who, by his tortious conduct against her husband, had become liable to him. (Kronenbitter v. Washburn Wire Co., 4 N Y 2d 524; 3 Restatement, Torts, § 695, p. 496.) She has no greater rights upon his decease, assuming it is causally related to the accident. A cause of action for the wrongful death of a deceased person is specifically given to the administrator or executor of the estate of said deceased. (Decedent Estate Law, § 130.) The claim for damages for such wrongful death does not accrue to the widow individually but only as administratrix for the benefit of herself and the decedent’s next of kin. (Matter of Roth, 256 App. Div. 181.)
Leave to move to replead the second cause of action is, therefore, denied, with prejudice.