GLUCOSE SUGAR REFINING COMPANY *v.* CLIMAX COFFEE & BAKING POWDER COMPANY.

[No. 6,037.   Filed June 4, 1907.]

1. TRIAL.—*Verdict.—Weighing Evidence.*—The verdict of the jury, upon conflicting evidence, is conclusive on appeal.   p. 183.

2. SALES.—*Implied Warranty.—Contracts.*—A vendor of starch, knowing that the vendee intends to use the purchased starch for the manufacture of baking powder, impliedly warrants that the starch so sold is fit for such purpose.   p. 184.

3. SAME.—*Implied Warranty.—Breach.—Rescission.—Counterclaim.*—In the case of a breach of implied warranty in the sale of goods, the vendee may return the goods and rescind the contract, or set up his damages in a counterclaim.   p. 184.

From Superior Court of Marion County (64,640); *John L. McMaster,* Judge.

Action by the Glucose Sugar Refining Company against the Climax Coffee & Baking Powder Company. From a judgment for defendant on its counterclaim, plaintiff appeals. *Affirmed.*

*Jameson, Joss & Hay,* for appellant.

*Edward E. Gates* and *Herod & Thompson,* for appellee.

ROBY, P. J.—Appellant sued to recover the purchase price of a quantity of starch sold and delivered by it to appellee in August, 1902. Appellant had in the preceding April sold and delivered to appellee a car-load of starch and received payment for the same. It filed a set-off in the action brought to recover the price of the August starch for an amount which it claimed was due it because of the alleged worthlessness of the April shipment. Its claim was that appellant knew that appellee purchased said starch for use in the making of baking powder; that it was contemplated by both parties that the starch furnished should be "dry, sweet starch, free from dampness or moisture, and suitable for use in making baking powder;" that the starch furnished was unfit for such use, being damp, sour and worthless, and that payment was made before such fact was discovered.

The controversy was reduced at the trial to a narrow question of fact, and the jury found the issue for appellee. It is therefore established for the purpose of this appeal that such starch was sour and unfit for use at the time it was delivered. It is abundantly established by the evidence that about six weeks after delivery it was in such condition. This fact was first learned by appellee after a portion of the starch had been used. On the one hand, it was contended before the jury that said starch was in good condition and fit for such use when shipped and delivered, and had subsequently become mouldy by reason of appellee's storing it in sacks in a building not suitable for such purpose. It was contended, on the other hand, that the starch was unfit for such use when made, and contained at

the time the seeds of the mould on account of the growth of which it was unfit for use in the manufacture of baking powder. Evidence was introduced which made the question one of fact for the jury, and, under long-established rules, the detail of such evidence is not, at this time, of importance. Appellant has elaborately discussed the law of implied warranty. The pleadings and the evidence bring this case within the principle which has been stated in the following terms: "Where a chattel is to be furnished by the seller to the order of the purchaser, which is to be used for a certain purpose, and the seller knows when he accepts the order for such chattel that it is intended for such special purpose, he impliedly warrants the article to be reasonably fit for the purpose for which it is to be used, or for which it is intended by the buyer, and in case of a breach of such implied warranty, the purchaser need not return the property and rescind the contract, but he may, when sued upon such contract, set up his damages in a counterclaim." *Zimmerman* v. *Druecker* (1896), 15 Ind. App. 512. See, also, *Oil-Well Sup. Co.* v. *Watson* (1907), 168 Ind. 603; *Mann* v. *Everston* (1869), 32 Ind. 355. The case last cited is much in point, the jury having found that the starch was unfit for use when delivered. The legal propositions stated by appellant are abstractly correct, but it would be necessary to their application that facts be supplied or assumed which do not have the sanction of the verdict or the support of uncontradicted evidence.

Judgment affirmed.