## SUGAR VALLEY COAL COMPANY *v.* DRAKE.

[No. 10,071.     Filed December 12, 1917.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.—Scope. —Burden of Proof.*—In all cases brought under the Workmen's Compensation Act (Acts 1915 p. 392), the burden is on the claimant to furnish the evidence from which the inference can reasonably be drawn that the injury or death was caused by an accident arising out of and in the course of the employment, within the meaning of the act.   p. 153.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.—Findings of Industrial Board.—Conclusiveness.*—The findings of the Industrial Board have the same force as the finding of a court or the verdict of the jury, and will not be set aside if there is any evidence upon which they can rest.   p. 153.

3. MASTER AND SERVANT.—*Workmen's Compensation Act.—Master and Servant.—Determination of Relationship.*—It is the work which the workman is performing at the time he is injured which determines whether he is at the time the servant of another, and is engaged in the discharge of that duty under his employment.   p. 154.

4. MASTER AND SERVANT.—*Workmen's Compensation Act.—Relationship of Master and Servant.—Evidence.—Sufficiency.*—In a proceedings for compensation under the Workmen's Compensation Act (Acts 1915 p. 392) for the death of claimant's husband, a teamster, evidence showing that decedent, at the time he received the fatal injury, was hauling his own coal, with his own team

and wagon, to his home without any direction from defendant either as to the manner of doing the hauling, for which he was to receive no compensation, or the route he was to follow, and that he was charged for the coal by defendant coal operator only the price at the mine, is insufficient to warrant the inference that decedent was defendant's servant within the meaning of the act. p. 154.

From the Industrial Board of Indiana.

Proceedings under the Workmen's Compensation Act for compensation by Ellen Drake against the Sugar Valley Coal Company. From an award for applicant, the defendant appeals. *Reversed.*

*Charles E. Henderson* and *James L. Murray,* for appellant.

*Miller & Kelley,* for appellee.

IBACH, C. J.—On June 29, 1917, appellee filed her claim before the Industrial Board asserting that her husband's death was caused by an accident arising out of and in the course of his employment with appellant as a teamster. Upon a hearing before the full board she was awarded compensation.

It is appellant's contention that the uncontradicted evidence shows that the relation of master and servant did not exist between it and the decedent at the time he suffered the accident which caused his death, and therefore the case is one which does not fall within the Workmen's Compensation Act. Acts 1915 p. 392.

It is well recognized, in all cases brought under the act, that the burden is upon the claimant to furnish the evidence from which the inference can reasonably be drawn that the injury or death was caused by an "accident arising out of and in the course of his employment," within the meaning of the Workmen's Compensation Act, *supra.* It is also established law that the

findings of the Industrial Board have the same force as the finding of a court or a verdict of the jury, and are not to be set aside if there is any evidence upon which they can rest.

In determining this appeal we must first ascertain what the deceased was doing when the accident occurred, for it is the work which the workman 3. is performing at the time he is injured which determines whether or not he is at the time the servant of another and is engaged in the discharge of that duty under his employment. Woods, Master and Servant (2d ed.) 317; *Union Sanitary Mfg. Co.* v. *Davis* (1916), 64 Ind. App. 227, 115 N. E. 676; *Pigeon's Case* (1913), 216 Mass. 51, 102 N. E. 932, Ann. Cas. 1915A 737; *Whitfield* v. *Lambert* (1915), 8 B. W. C. C. 91.

Appellee has filed no brief, but the following, we think, is a fair statement of the substance of all the evidence produced at the hearing: Appellant 4. operated a coal mine and hired teamsters for the purpose of delivering coal to its local customers. There were two classes of teamsters, some of whom hauled coal during the whole year, and those who hauled only during the busy season. These latter were called "extras." Decedent was of the latter class. Such teamsters furnished their own wagons and teams and were paid by the tonnage hauled. There was no regular employment with the extra teamsters. Sometimes they would haul for appellant a day or two and then haul for someone else and at the close of a day it was not known whether they would again return for work. Sometimes the teamsters procured their own orders, in which case they would bring them to the mine and were charged for the coal at the regular mine price, which was

accounted for by the teamsters when the coal was delivered and the collections made. The coal thus obtained was resold by the teamsters at their own price, the difference between the mine price and the price on resale making their profit for hauling. No record was made by appellant of any tonnage to be paid for the delivery of coal where it was sold to a teamster for resale or for his own use. On the day in question decedent came to the mine, reported that he wanted some coal for his own use, and that he had an order from a customer on his own account. He was then informed by appellant that it had a delivery also for him to make. It was decided that decedent should deliver his own coal first, and then return and deliver the orders named. Decedent loaded his own wagon, the coal was charged to him on appellant's books, and he drove away, and shortly thereafter was found dead on the highway.

There is also evidence without contradiction which shows that decedent furnished his own team and wagon, was not subject to any rules as to the hours of his work, and that he could come and go whenever he pleased; that appellant exercised no control or supervision over him in the manner of doing his work, or the road he should travel. These were all matters for his own selection. It also appears without contradiction that at the time of the accident he was hauling his own coal, with his own team and wagon, in his own way, to his own home, and over the route which he chose for himself, for which delivery he was not to receive any pay from appellant, and that he was charged for such coal only the price at the mine.

We fail to find any evidence in the record to warrant the finding of the Industrial Board that dece-

dent, at the time he received his fatal injury, was a servant of appellant within the meaning of the Workmen's Compensation Act, *supra,* and therefore the award of the board is contrary to law.

Award reversed.

NOTE.—Reported in 117 N. E. 937. Workmen's compensation: burden of proof. L. R. A. 1916A 39, 232.