UNION PRODUCTS COMPANY *v.* SPINDLER.

[No. 9,682.    Filed January 25, 1919.]

SALES.—*Implied Warranty.—Seller's Knowledge of Intended Use of Goods.*—Although paint sold by plaintiff was specified by the architect as the kind to be used in painting the interior of a school building, where plaintiff knew the intended use of the paint at the time it was ordered and that the specifications called for two coats, without sizing, and, before the paint was purchased, informed defendant that the paint could be so used, a warranty of its fitness for such use was implied.

From DeKalb Circuit Court; *Alphonso C. Wood,* Special Judge.

Action by Union Products Company against George J. Spindler, who counterclaimed. From a judgment against plaintiff and in favor of defendant on his counterclaim, plaintiff appeals. *Affirmed.*

*Edgar W. Atkinson,* for appellant.
*P. V. Hoffman,* for appellee.

REMY, J.—This is an action by appellant on account for paint sold and delivered to appellee. Answers filed by appellee pleaded failure of consideration and breach of warranty. Appellee also filed a counterclaim charging breach of warranty, and asking damages for services and expenses in spreading the worthless paint. The court by a special finding of facts and conclusions of law found against appellant, and

for appellee on his counterclaim. Exceptions to the conclusions of law present the only questions for review.

The facts found by the trial court which are material for the purpose of this appeal are as follows: The school city of Garrett, having determined to repair a certain school building by painting the interior walls, employed an architect to submit plans and specifications; that, while preparing such plans, the architect was interviewed by appellant's agent, who represented that appellant was a manufacturer of paint known as "Life-Kote," which, if used in painting the interior walls of said school building, would make unnecessary the sizing of the walls, and that the application of two coats of the paint would make a first-class job; that, relying on such representations, the architect specified that the walls should be given "two coats of Life-Kote paint," and that the contractor should guarantee the paint "to be free from alkali of every description, and what is known as 'hot-spots,' so as to make the work first class;" that appellee secured the contract and agreed to do the work in accordance with the plans and specifications; that, not being familiar with the character and use of Life-Kote, appellee, before ordering the paint, wrote to appellant for a color card, and for information about the paint; that in response appellant sent the card and information, which, among other things, informed appellee that the paint was to be applied without sizing the walls; that appellee, who was an experienced painter, used the paint as specified, and as directed by appellant, but that, following its use, "hot spots" appeared on the walls, which fact caused the school city to refuse to accept the work, and appellee

was compelled to, and did, size the walls, and use other paint, excepting that in two of the rooms appellant, on its own account, took paint not accepted by appellee, and by using more than two coats painted the walls so that they were accepted by the architect.

The only contention made by appellant in its points and authorities is that no warranty is shown by the facts found; and it especially urges that, whereas the particular kind of paint purchased by appellee was specified in the plans, and was the only kind which appellee under his contract could buy or use, there could be no warranty.

It will be seen that the facts found show that appellant knew, when the paint was ordered, it was to be used to refinish the particular walls in question, and knew that the specifications called for but two coats, and that the same were to be put on without size. Not only that, but, before the paint was purchased, appellant informed appellee that the paint could be used without sizing the walls. Under these facts, a warranty was implied. *Glucose Sugar, etc., Co.* v. *Climax Coffee, etc., Co.* (1907), 40 Ind. App. 182, 81 N. E. 589.

Appellant's conduct and representations in connection with the sale were none the less a warranty because the article sold was specified by the architect.

No error appearing, the judgment of the trial court is affirmed.