## AMERICAN HOMINY COMPANY *v.* DAVIS.

[No. 10,725. Filed March 30, 1920. .Rehearing denied June 22, 1920. Transfer denied January 13, 1921.]

MASTER AND SERVANT.—*Workmen's Compensation Act.—Accident Arising Out of Employment.—Findings of Industrial Board.— Conclusiveness.*—In a proceeding for compensation under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), the question whether the accident arises out of and in the course of employment is usually a question of fact for the Industrial Board, and its finding thereon, where supported by some evidence, will not be disturbed on appeal.

From the Industrial Board of Indiana

Proceedings for compensation under the Workmen's Compensation Act by Cora B. Davis against the American Hominy Company. From an award for applicant, the defendant appeals. ·Affirmed.

*Joseph W. Hutchinson,* for appellant.

*Conrad Wolf, Earl B. Barnes* and *C. W. Roll,* for appellee.

REMY, P. J.—The only question involved in this appeal is whether or not there is evidence to sustain the finding of the Industrial Board that the accident which resulted in the death of William D. Davis arose out of and in the course of his employment. In cases of this character, the question as to whether the accident arose out of and in the course of employment is usually a question of fact for the Industrial Board. *Muncie Foundry, etc., Co.* v. *Thompson* (1919), 70 Ind. App. 157, 123 N. E. 196. It appears from the record that there is some competent evidence to support the finding, and under such circumstances it will not be disturbed on appeal. *Sugar Valley Coal Co.* v. *Drake* (1917), 66 Ind. App. 152, 117 N. E. 937; *Great Lakes Dredge, etc., Co.* v. *Totzke* (1919), 69 Ind. App. 303, 121 N. E. 675.

On authority of the cases cited, the award is affirmed.