KRAMER *v.* HUNTINGTON STEEL FOUNDRY COMPANY.

[No. 10,708.   Filed May 12, 1920.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.—Appeals. — Presenting Questions for Review. — Assignment of Error.*—Under §61 of the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), as amended by the acts of 1917 (Acts 1917 p. 154), an assignment of error, on appeal from an award by the Industrial Board, that the award is contrary to law is sufficient to present the question of the sufficiency of the evidence. p. 290.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.—Findings of the Industrial Board.—Conclusiveness.*—Where there is evidence tending to support an award of the Industrial Board, it will not be disturbed on appeal for insufficiency of the evidence. p. 290.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by Paul F. Kramer against the Huntington Steel Foundry Company.   From an award denying compensation, the applicant appeals.   *Affirmed.*

*C. K. Lucas* and *H. B. Spencer,* for appellant.

*J. W. Hutchinson,* for appellee.

NICHOLS, C. J.—Appellant claims that he was employed in appellee's foundry as a molder, and that while preparing the sand for the molds his feet were burned. That the sand from the molds was hot, and while in that condition was spread on the floor, and water applied to cool and break it up.   That, while mixing the steaming hot mass with an ordinary shovel, his feet became overheated, and were burned, the circulation of the blood was arrested, his feet became sore, and blood poison resulted, which necessitated the amputation of two toes on his right foot.

After hearing the evidence, the full Industrial Board found that appellant "did not receive a personal injury

by an accident arising out of and in the course 1. of his employment resulting in the disability for which he claims compensation by his complaint herein," and made its award that he take nothing. The only question involved in this appeal is whether or not the award of the Industrial Board, based on its finding that the accident which resulted in the injury of appellant did not arise out of and in the course of his employment by appellee, is contrary to law. This is sufficient under Acts 1917 p. 154 (§8020s2 Burns' Supp. 1918) to present the question of the sufficiency of the evidence, which is the only question presented. Appellant contends that the uncontradicted evidence does not 2. support the finding. We hold that the evidence tends to support the finding, and that the award is therefore not contrary to law. Under such circumstances, it will not be disturbed on appeal. *Sugar Valley Coal Co.* v. *Drake* (1917), 66 Ind. App. 152, 117 N. E. 937; *American Hominy Co.* v. *Davis* (1920), 74 Ind. App. ——, 126 N. E. 703; *Columbia School Supply Co.* v. *Lewis* (1917), 65 Ind. App. 339, 116 N. E. 1. On the authority of the cases cited, the award of the Industrial Board is affirmed.