MID-CITY IRON AND METAL COMPANY ET AL. *v.* TURNER ET AL.

[No. 13,473. Filed March 28, 1929.]

*James E. Rocap* and *John J. McShane,* for appellants.
*Henry L. Humrichouser,* for appellees.

NEAL, J.—Appellees are the widow and children respectively of Henry Turner, deceased, who were awarded compensation by the Industrial Board. The finding of the board, in substance, is as follows: That on July 19, 1927, said Henry Turner was in the employ of the appellant Mid-City Iron and Metal Company at an average weekly wage of $26; that on September 2, 1927, the appellant employer filed with the Industrial Board a report dated August 30, 1927, stating therein "that said Henry Turner received a personal injury by an accident arising out of and in the course of his employment with

defendant (Mid-City Iron and Metal Company) and that said Henry Turner ceased work on account of said injury on July 25, 1927; that said report was introduced and read in evidence; that on July 19, 1927, the said Henry Turner received a personal injury by an accident arising out of and in the course of his employment with the appellant employer Mid-City Iron and Metal Company; that, on said date, the appellant Indemnity Insurance Company of North America was the insurance carrier of appellant employer; that, as a result of said injury, the said Henry Turner died on October 3, 1927, and left surviving him the above-named appellees. The Industrial Board awarded compensation in the sum of $14.30, in equal shares for a period not exceeding 300 weeks.

Errors relied upon for reversal are as follows: (1) The award is contrary to law; (2) the finding and award are not sustained by sufficient evidence.

Appellants contend that the award is based solely upon the written report of the accident, which was made pursuant to §67 of the compensation act; that said report was introduced and read in evidence over the objection of appellants; that appellants successfully impeached the report by uncontradicted evidence, therefore the award is contrary to law.

It is well settled that this court will not weigh the evidence and if there is any competent evidence to sustain the award it will not be disturbed on appeal. *Standard Coal Co.* v. *Gallager* (1921), 75 Ind. App. 1, 129 N. E. 482.

The employer's report of the accident was properly admitted in evidence. The admissions made by the employer in said report constituted some evidence that the decedent was in the employ of the appellant employer on the day and at the time of the alleged injury and that the employee Henry Turner

received an injury by accident and that the accident arose out of and in the course of his employment. *Hege & Co.* v. *Tompkins* (1919), 69 Ind. App. 271, 121 N. E. 677.

Whether the evidence introduced to impeach the report was sufficient to overthrow the admissions contained therein presented a question of fact to be determined by the Industrial Board. The board, upon conflicting evidence, decided that the report had not been successfully impeached, and their decision is not subject to review.

Appellant insists that the Industrial Board erred in awarding compensation based upon an average weekly wage of $26, for the reason that the parties agreed and stipulated that the average weekly wage of said Turner was $21.66. The parties were represented by counsel. During the progress of the hearing, the parties by their respective counsel entered into the following stipulation: "It is agreed between the parties that Henry Turner received an average weekly wage of $21.66, while in the employ of Max Cohen doing business as the Mid-City Iron and Metal Company."

In this case, it was necessary for appellees to establish by evidence the average weekly wage of Henry Turner. In order to expedite the hearing, the above stipulation was entered into and became a part of the evidence. The above stipulation was within the authority of the counsel. No motion was made by counsel to set aside or withdraw the same; therefore, in so far as the instant case is concerned, it was conclusive between the parties and the tribunal hearing the same. *Montgomery-Ward & Co.* v. *Industrial Commission* (1922), 304 Ill. 576, 136 N. E. 796.

Affirmed upon condition that appellee remit all of the award in excess of $11.91 per week as of the day of the award, and that a certificate of such remittitur, signed

by the secretary of the Industrial Board, be filed with the clerk of the court within forty-five days, otherwise award will be reversed.