### SELF v. SHIRKIE COAL COMPANY.

[No. 13,552. Filed May 29, 1929. Rehearing denied September 13, 1929.]

*Charles Fox, Louis D. Leveque* and *Frank S. Rawley,* for appellant.

*Will H. Hays, Hinkle C. Hays, Alonzo C. Owens, W. Paul Stratton, John S. Taylor* and *J. Olias Vanier,* for appellee.

LOCKYEAR, J.—This is an appeal from the Industrial Board of Indiana in an action brought by the appellant against the appellee to recover compensation for personal injuries received by the appellant while in the employ of the appellee, by reason of an accident arising out of and in the course of the employment of the appellant by the appellee.

There was a finding by the Industrial Board of Indiana that the appellant's injuries did not arise out of and in the course of his employment, and that the appellant take nothing by his complaint. The appellant excepted to the order, prayed an appeal to this court and assigned as error that the award of the Industrial Board was contrary to law.

The substantial facts of this case are that the appellant was working for the appellee, caging rock and dust, working in the daytime. On the evening of the day in question, to wit: August 3, 1928, he quit work about 5:30 p. m., at which time he was ordered by the superintendent of the appellee mine company, Claude Cochran, to go to Clinton, Indiana, and see the mine inspector about obtaining permission for the mine to be re-opened. The appellant did not go directly to Clinton, but, in the company of one Mike O'Leary, went first to a place

called "Universal" for the purpose, as he states, of seeing one August Vanzola and another person by the name of Pete Moser, members of the mine committee. The appellant did not get to see Vanzola, although he inquired for him at Universal, and he then returned to Shirkieville, where the mine was located.

The appellant did not meet Claude Cochran, superintendent of the mine, when he returned to Shirkieville, and he then started out with Mike O'Leary to go to Clinton to see the mine inspector, John Stevely. They were riding in an automobile, and, when they were out of Shirkieville about two miles, they met with an accident, and the appellant was injured and was thereby unable to reach Clinton and deliver the message from his employer to John Stevely, the mine inspector.

It is the contention of the appellee that instead of going for John Stevely, the appellant drove his car to Universal, and attempted to locate August Vanzola, member of the mine committee, which was no part of his duty, and therefore took himself without the scope of his employment with the appellee herein, and that he further continued to take himself out of said employment by returning back to the mine at Shirkieville instead of continuing on to Clinton with the message to John Stevely, mine inspector.

The appellee admits that Cochran, the superintendent of appellee, did not give the appellant any specific instructions as to what time the mine inspector should be notified, but told the appellant and Mike O'Leary to go through Clinton and tell the mine inspector; find out if he would permit them to work if they could get together. It would be a little out of the way, but he would compensate them for it. Cochran thought that the inspector would be at Clinton about 9 or 10 o'clock that evening. The only instruction given was to tell John Stevely to come over. The appellant lived near Terre Haute, and

it appears that Cochran expected appellant to go by way of Clinton on his way home. Appellee contends further that, when no time is agreed upon, a reasonable time is intended by the parties, and that the accident would not have occurred if the appellant had not delayed in going to Clinton from 5:30 p. m. until after midnight, and, for that reason, the injury could not be said to have occurred by reason of an accident arising out of and in the course of the employment of appellant by appellee.

In cases of this character, the question as to whether the accident arose out of and in the course of employment is usually a question of fact for the Industrial Board, and its finding thereon, where supported by some evidence, will not be disturbed on appeal. *Muncie Foundry, etc., Co.* v. *Thompson* (1919), 70 Ind. App. 157, 123 N. E. 196; *American Hominy Co.* v. *Davis* (1920), 74 Ind. App. 622, 126 N. E. 703; *Miller* v. *Beil* (1921), 75 Ind. App. 13, 129 N. E. 493; *Stone* v. *Francisco Mining Co.* (1923), 80 Ind. App. 348, 140 N. E. 438.

If it appears from the record that there is some competent evidence to support the findings, it will not be disturbed on appeal. *Sugar Valley Coal Co.* v. *Drake* (1917), 66 Ind. App. 152, 117 N. E. 937; *Great Lakes Dredge, etc., Co.* v. *Totzke* (1919), 69 Ind. App. 303, 121 N. E. 675.

In the case before us, we are of the opinion that the appellant was on his master's business when the accident occurred, and if the accident had not occurred, the appellant would have notified the inspector in ample time for him to have come over to the mine as the superintendent had requested. The fact that he did not start until after dark would make no difference in this case, because Cochran, the superintendent, says he did not expect the inspector would be at Clinton until 9 or 10 o'clock that evening.

There is no dispute on the essential facts in this case and, therefore, we are obliged to hold that the Industrial Board erred in refusing to award the appellant compensation.

The award is reversed.