RUSSELL ET AL. *v.* GLEASON ET AL.

[No. 14,280.   Filed April 30, 1931.]

*W. E. Hart* and *W. J. Goff*, for appellants.
*Frank E. Hutchinson*, for appellee.

BRIDWELL, J.—Appellees, the widow and son of Charles W. Gleason, filed their application for compensation against the appellant George Russell before the Industrial Board of Indiana, under the Indiana Workmen's Compensation Act of 1929 (Acts 1929 p. 536, §9446 *et seq.* Burns Supp. 1929), alleging, among other things, that said Charles W. Gleason died as a proximate result of personal injuries received by him on March 17, 1930, by reason of an accident arising out of and in the course of his employment by said appellant.

At the time of the hearing of such claim before a single member of said board, the appellant, United States Fidelity and Guaranty Company, the insurance carrier for appellant Russell, was, on its own motion, made a party defendant to such action. An award was made by the hearing member, and, upon an application for review by the full board, such board heard the cause and entered an award in favor of appellees, from which this appeal was taken.

On February 26, 1931, appellees filed their motion to dismiss this appeal on the ground that the appellants failed to serve notice in writing of the appeal upon the secretary of the Industrial Board, upon the appellees, or either of them, or upon their attorney and that, therefore, this court does not have jurisdiction. The record, however, discloses that the award was made by the full board on December 5, 1930; that, on said day, the appellants excepted to the award and prayed an appeal to this court, which was granted upon the condition that an appeal bond in the sum of $5,000, properly conditioned, be filed on or before January 5, 1931; that on December 17, 1930, appellants filed their appeal bond with said board as required, which bond was duly ap-

proved by the board on that date; that the transcript of the record and assignment of errors were thereafter filed with the clerk of this court on December 20, 1930, all of which was done within less than 30 days from the date of the award. The steps taken by appellants were sufficient to perfect what is commonly known as a "term-time appeal" under the provisions of §698 Burns 1926, and §61 of the Indiana Workmen's Compensation Act of 1929. Acts 1929 p. 536, §9506 Burns Supp. 1929. The motion to dismiss appeal is overruled.

On the hearing before the full Industrial Board, the following finding of facts was made: "On March 17, 1930, one Charles W. Gleason was in the employ of the defendant, George A. Russell, at an average weekly wage of $25; that at said time the defendant was engaged in the operation of a garage at Thorntown, Indiana, wherein automobiles were repaired and automobile supplies, including gas and lubricants, were furnished to the general public; that at said time the said Charles W. Gleason was employed by the said George A. Russell in and about said garage as a general workman to do anything that had to be done and his employment was not restricted to any particular class of work; that his hours of employment were from 7 o'clock a. m. until 12 o'clock, and from 1 o'clock to 6 o'clock p. m., with one hour from 12 to 1 o'clock p. m. for dinner; that at said time the defendant, George A. Russell, and his employee, Charles W. Gleason, were members of the volunteer fire department of the city of Thorntown; that the said Gleason received pay for his services as such volunteer fireman from persons other than the defendant, but such pay was not deducted from his compensation received from the defendant as his employee. That it was the practice and custom of the defendant to answer calls for help from the country district located outside the city of Thorntown, in case of fire, and, prior to March 17, 1930, the

defendant had instructed his employees, including Charles W. Gleason, to respond to all calls for help in case of fires coming from the surrounding community and render assistance, and, the said Gleason knew of said instructions on said date and had theretofore followed said instructions to respond to said calls; that the defendant received no compensation for such services, but the time engaged in responding to such calls was not deducted from the time and pay received by the said Gleason as the employee of the defendant; that, on March 17, 1930, the home of one Kendall was located on a farm in the country some distance from the city of Thorntown; and on said date, the defendant was absent from his said garage and, during his absence, at about 2 o'clock p. m. on said date, one of defendant's employees, whose duty it was to answer telephone calls, at a time when the said Gleason was engaged in the performance of the duties of his said employment, notified the said Gleason and other employees that 'the Kendall house is burning and they need help'; that the said Gleason immediately secured an automobile and started therein for the Kendall house and, while driving on the highway in said automobile to said Kendall house, the said Gleason received a personal injury as the result of an accident which resulted in his death on March 18, 1930; that said deceased left surviving as his only dependents, his wife, Bertha Gleason, and his son, Robert Gleason, born October 14, 1918, both of whom are plaintiffs herein, and were wholly dependent on the deceased for support at the time of his death. The Board finds that the death of the said Charles W. Gleason on March 18, 1930 was the result of an accidental injury arising out of and in the course of his said employment by the defendant, George Russell, and the plaintiffs are entitled to an award for compensation herein." Based upon this finding, the board awarded compensation against the appellant

Russell at the rate of $13.75 per week, for a period of 300 weeks, payable to the appellees in equal shares, and further ordered that appellant pay the doctor, medical, hospital and nurses services for the first 30 days following the date of said injury, and the statutory allowance of $100 on the funeral expenses of the deceased, together with the costs of the proceedings. Attorney's fee for appellee's attorney was fixed in accordance with the rule of the board.

The errors relied upon for a reversal are: (1) That the award is not supported by sufficient evidence; (2) that the award is contrary to law.

Appellants earnestly contend: (a) That appellee's decedent was not in the service of appellant Russell at the time of the accident, and, therefore, could not have been his employee; (b) that the accident did not arise out of and in the course of the employment.

The finding of the Industrial Board is against appellants as to both contentions, and, if there is any competent evidence to sustain the finding of the board, it is conclusively binding upon this court. *Hill* v. *Starco Coal Co.* (1928), 88 Ind. App. 24, 163 N. E. 118; *Mid-City Iron, etc., Co.* v. *Turner* (1929), 89 Ind. App. 38, 165 N. E. 760; *Lazarus* v. *Scherer* (1931), *ante* 90, 174 N. E. 293.

The evidence, without conflict, shows that, at the time of the accident, appellant Russell was engaged in the business of running a garage in Thorntown, Indiana, and that the decedent, Charles W. Gleason, was employed by him to do general work, and that his duties were not restricted to any particular class of work; that, during the hours of his employment and while he was engaged in the discharge of his duties at the garage, a telephone call from the country was received by the bookkeeper of Russell (whose duties included the answering of telephone calls coming to the garage) that Ken-

dall's house was burning and they needed help; that this message was communicated to Gleason and others by the bookkeeper; that appellant Russell had instructed the decedent and his other employees to answer all such calls for help in case of fires in the country, in the vicinity of Thorntown, and it was the custom to so do; that appellant Russell, when at the garage, would accompany his employees on such occasions; that he paid his employees their regular wages for such services just the same as if they had been engaged in the doing of some work at the garage; that the accident occurred during the working hours of decedent while he was obeying instructions from his employer and on his way to the home of Kendall to render assistance requested from his employer, which aid his employer had informed the public he stood ready to give.

Appellants insist that "the injury in this case was independent of the relation of master and servant," and that "the injury did not have its origin in a risk connected with the employment." Appellant Russell, however, testified, in substance, that the fighting of fires in the country was a part of the service rendered to the public by himself and his employees, and that he held himself out to the public as so doing. There is no dispute concerning this, and the evidence of all employees testifying is to the same effect, and further, that it was the custom of Russell and his employees, under his directions, to respond to all such calls received at his place of business. The fact that it was unusual, or, as stated by appellants in their brief, that "it is unheard of that garage owners furnish a volunteer fire service in connection with and as an incident to their garage business" is of no controlling force. The right to so do exists, and it is a reasonable inference that Russell perhaps believed that his business interests would be served by such action. The answer to the argument advanced is

that the evidence in the instant case discloses that decedent was employed, not only to work at the garage, but to answer all calls to the garage for help in case of fire, coming from the country in the vicinity of Thorntown, and was under specific instructions from his employer to do so.

The evidence fully supports the finding and award of the Industrial Board, and the award, is, therefore, affirmed.