## OLSEN v. CANTER.

[No. 14,162.   Filed May 6, 1931.   Rehearing denied October 2, 1931.]

*Blessing & Stevenson, Herman L. McCray, Edward J. Boleman, Burrell Wright* and *Jacob S. White,* for appellant.

*Charles V. Sears* and *James L. Murray,* for appellee.

CURTIS, J.—Appellee filed his petition with the Industrial Board for compensation and was awarded compensation for an injury alleged to have been sustained while in the employ of appellant and in the due course of business. From the award of the full board, appellant appealed.

The facts as shown by the uncontradicted evidence

are substantially as follows: Urban O. Olsen (appellant herein), operated a dry goods and grocery store in Pittsboro; on or before September 19, 1929, he leased a two-story business building in Pittsboro; the lower or ground floor was divided into two rooms which were to be used by him for his business rooms in the operation of his dry goods and grocery business; the upstairs rooms were to be used for the living quarters of himself and family; before moving into said building, he had certain remodeling done, including carpenter work and painting to both the business rooms and the upstairs rooms; appellee was employed by appellant to do certain painting on these rooms and worked at such painting about a week in August, 1929, and was again employed at the same kind of employment on the following September 19, 20 and 21; on September 20, 1929, while opening a can of paint to be used in his employment by appellant, appellee cut his second finger on his right hand on a sharp edge of the paint can; appellee worked a day or two after receiving such injury, but the finger became infected and, on October 4 or 5, he was required to go to the hospital, where he remained until November 19, 1929; on November 13, and while he was still confined in the hospital, the second finger on appellee's right hand was amputated, due to infection which occurred as a result of the injury above referred to.

A written instrument was introduced (by appellant) in evidence at the hearing, such instrument purported to be a written release of any further liability on the part of appellant for the injury sustained by appellee. Appellee signed said instrument by mark. The instrument is as follows: "In consideration of the sum of seventy-five dollars ($75.00) I hereby release U. O. Olsen from any further claim in connection with an injury to my hand which was caused by cutting same on lid of Flat White Paint bucket, which paint was to

be used on living rooms of Mr. U. O. Olsen recently at his place in Pittsboro, Indiana.

"It is further understood and agreed, that for the above mentioned sum I will pay all hospital and medical bills and any other bills due to this injury."

The three questions presented to this court by this appeal and which require our consideration are: (1) Was appellee a casual employee at the time he received his injury within the meaning of the Workmen's Compensation Act (Acts 1929, ch. 172, p. 536)? (2) was such injury received by appellee while in the due course of the employment within the meaning of the statute? and (3) was the alleged release executed by appellee such an election of his remedies as would bar this action?

This instrument is alleged to have been executed and signed by appellee on October 14, 1929, and while he was still in the hospital. Appellant argues that appellee's acceptance of the $75 and the execution by him of the alleged release above referred to is conclusive of two things: (1) That such instrument is conclusive that appellee was painting the living quarters at the time he was injured; and (2) that appellee elected the common-law remedy in preference to his remedy under the Workmen's Compensation Act.

In these contentions we cannot concur. At the hearing, appellee testified that he did not remember seeing Mr. Olsen at the hospital; that the pain was so severe that he was not in his right mind and that he had no recollection of signing any instrument in the presence of Mr. Olsen; that he knew nothing about the $75 until he was ready to leave the hospital. Appellee further testified that the paint that was used downstairs was not the same paint that was used upstairs; that the paint upstairs was a white paint while the paint downstairs was a darkened ivory; that he did

not use the same kind of paint upstairs that he opened when he cut his finger; that he worked in the west room all day on September 19, and that he painted in the same building and in the same room when he received the alleged injury on September 20. Omer Harlan testified that he was working at Olsen's place of business (the building in question) and that he was in the east room when appellee received the injury complained of and that appellee was "working in the west room downstairs." While there was other evidence tending to show that appellee was not employed in painting the downstairs rooms when he received the injury, the finding of the board will not be disturbed when the evidence is conflicting as in the instant case on this issue. *Lambert* v. *Powers* (1921), 76 Ind. App. 77, 131 N. E. 420; *De Raya* v. *Illinois Steel Co.* (1926), 84 Ind. App. 201, 150 N. E. 792; *Self* v. *Shirkie Coal Co.* (1929), 89 Ind. App. 673, 166 N. E. 613; *Mid-City Iron, etc., Co.* v. *Turner* (1929), 89 Ind. App. 38, 165 N. E. 760.

But appellant contends that appellee was but a casual employee within the meaning of the Workmen's Compensation Act, and was, therefore, not entitled to benefits under this act, and that the Industrial Board erred in awarding compensation. It has been held by this court that, under our statute (Acts 1929, ch. 172, §73, cl. b, p. 536, which supersedes §76, cl. b, Acts 1915, being §9521 Burns 1926), an injured workman can recover compensation even though his employment is casual if his employment is in the usual course of his employer's business. *Caca* v. *Woodruff* (1918), 70 Ind. App. 93, 123 N. E. 120. In the instant case, the employer was a merchant in the dry goods and grocery business. The rooms where appellee was employed in painting at the time of his injury were to be used by appellant in the operation of his business. They were property used legitimately in conducting the

enterprise in which appellant was engaged. The painting and decorating of these rooms was a necessary part of appellant's business, which he could reasonably anticipate in the operation of his business. The painting of the business rooms at which appellee was engaged when he received the injuries complained of is such employment as to be considered to be in the usual course of the employer's business. Such was the holding in *Sherlock* v. *Sherlock* (1924), 112 Nebr. 797, 201 N. W. 645, a case almost identical with the instant case. See, also, *Wagner* v. *Wooley* (1926), 85 Ind. App. 259, 152 N. E. 856; *Caca* v. *Woodruff, supra.* Appellee, therefore, is entitled to compensation unless the release above referred to can be considered to be an election under the common law.

Under the provisions of §§5, 68 and 69 of our Workmen's Compensation Act, Acts 1929, ch. 172, p. 536 (which supersede §§9540, 9513 and 9514 Burns 1926), appellant was required to insure and keep insured his employees and furnish evidence to the Industrial Board that he carried such insurance, there being no evidence that he had excepted (exempted) himself by proper notices from the compensation provisions of this act, and there being no evidence that he had procured a certificate from the Industrial Board authorizing him to carry such risk without insurance. He did none of these things. Under these circumstances, the employee, appellee Canter, had an election to ask for and receive an award of compensation under the provisions of the Workmen's Compensation Act or he could ask for damages at common law in the same manner as provided in §10, Acts 1929, ch. 172, p. 536 (which supersedes §9455 Burns 1926), in which event, the employer would be deprived of certain defenses. See *Talge Mahogany Co.* v. *Burrows* (1921), 191 Ind. 167, 130 N. E. 865; *Diamond* v. *Cleary* (1928), 88 Ind.

App. 518, 162 N. E. 372; *Jones* v. *Princeton Coal Co.* (1923), 85 Ind. App. 468, 139 N. E. 202, 140 N. E. 438.

The alleged release above set out, upon its face, is ambiguous as to whether or not this $75 was paid and received as a settlement under the common law or a partial payment under the Workmen's Compensation Act. This fact is left to conjecture. At the hearing, evidence was introduced to explain and clear up this instrument and to show the intention of the parties, but this evidence was susceptible of more than one inference. From the expression "which paint was to be used on living rooms of Mr. U. O. Olsen recently," contained in the alleged release, the Industrial Board might have inferred that the parties had the provisions of the Workmen's Compensation Act in mind at the time or such a provision would not have been inserted, for the reason that this fact would have been immaterial had they been settling under the common law. The Industrial Board having resolved this doubt in favor of appellee, this court will not disturb that finding, there being competent evidence to support the finding. *Lambert* v. *Powers, supra; DeRaya* v. *Illinois Steel Co., supra; Self* v. *Shirkie Coal Co., supra; Mid-City Iron, etc., Co.* v. *Turner, supra.*

We find no reversible error.

Award affirmed.