PURYEAR *v.* NATIONAL DAIRY PRODUCTS CORPORATION ET AL.

[No. 14,680.   Filed October 5, 1932.]

*Alfred K. Berman,* for appellant.

*Burke G. Slaymaker, Clarence F. Merrell, Theodore L. Locke,* and *L. A. Shaner,* for appellees.

CURTIS, J.—This is an appeal from an award of the full Industrial Board of Indiana.

From a stipulation entered into before the board it appears that on the 23rd day of May, 1931, the appellant received an injury to his left foot arising out of and in the course of his employment by the appellee, National Dairy Products Corporation; that thereafter on June 6, 1931, the parties executed the Industrial Board's Form 12, known as "Agreement Between Employer and Employee as to Compensation," which was filed and approved by the Industrial Board on June 10, 1931; that thereafter on three successive occasions, to-wit: on June 12th, June 23rd, and August 6, 1931, the appellant signed receipts in final settlement of compensation, in the last of which, he stated that he had had a total disability of 32½ days and that his disability ceased on the 7th day of July, 1931, and that he had received the total sum of $60.11 in compensation; that afterward a disagreement arose as to further compensation and that a good faith effort had been made to adjust the matters in dispute which resulted in a disagreement; and that on December 10, 1931, the appellant filed with the board his application to review the said agreement entered into by the parties on June 6, 1931, on account of a change in conditions, alleging therein that the disability of the appellant had increased since the date of said award and that said injury had resulted in a permanent partial impairment. To this application of appellant a general denial was deemed filed by the appellee under Rule 10 of the board.

Upon the issues thus formed the matter was submitted to a single member of the board, which resulted in a finding against the appellant. Thereafter the appellant

filed his application for a review by the full board, and on April 29, 1932, the said board made a finding and award against the appellant, and this appeal was then prayed and perfected.

The error sought to be presented is that the award of the full board is contrary to law. This assignment is a sufficient assignment of error to present both the question of the sufficiency of the facts found to sustain the award and the sufficiency of the evidence to sustain the finding of facts. See Section 61, Indiana Workmen's Compensation Act, Acts 1929, ch. 172, pp. 536, 559.

The appellee has presented and urged a motion to dismiss this appeal upon the ground of alleged defects in briefing and as to the assignment of error. We have concluded, however, to overrule this motion, which is now done, and to pass upon the merits of the appeal.

The full board, among other things, found: "That the disability of said employee on account of the injury received while in the employ of the defendant on the 23rd day of May, 1931, has not increased since the date of said last award; neither has said injury resulted in permanent partial impairment and the finding should be, and is for the defendants on plaintiff's application herein filed with said board on December 10, 1931." Upon the said finding the full board entered an order that the plaintiff take nothing by his application.

The board heard the evidence which consisted of the stipulation heretofore mentioned together with the evidence of eight witnesses including the appellant. Five of these witnesses were called by the appellant and the others by the appellee. There is some conflict in the evidence. Dr. Mumford, who took care of the appellant's foot over a period of several weeks immediately following the injury in May, testified in part as follows: "From the latter part of June until September every

time I saw him he was able to work. The foot was apparently normal, with a slight swelling on the dorsum, and the x-ray negative did not show any fracture at all. He had a condition of flat foot in both feet. The last time I did not find anything that could be connected up with the injury which would prevent this man from performing regular work. His complaints at first were consistent with his history of the injury, but I didn't think so at the last, because his symptoms were along different lines than the position of the pain." Dr. Nafe, who examined the appellant shortly before the hearing before the board, testified in substance that the pain which the appellant complained of was, in his opinion, due to flat foot and that it was in no way connected with the injury which appellant received in May. The witness Stone testified that the appellant quit the services of the appellee, not because of disability, but because he refused to do work which he was called upon to do and was let go. There was also before the board other evidence tending strongly to sustain the finding of the board, but we have not deemed it necessary to set it all out.

Whether the disability of the appellant had increased, or whether the injury had resulted in a permanent partial impairment, were questions of fact which, under the evidence, were determined against the appellant by the full board, and there being ample evidence, as we have seen, to sustain the finding of the board, the order and award made thereon cannot be disturbed by this court upon appeal. This principle has been announced in many of our decisions. We cite a few of them. *Swing* v. *Kokomo Steel, etc., Co.* (1925), 75 Ind. App. 124, 125 N. E. 471; *Hege & Co. et al.* v. *Tompkins et al.* (1919), 69 Ind. App. 273, 121 N. E. 677; *Haskell, etc., Car Company* v. *Brown et al.* (1918), 67 Ind. App. 178, 117 N. E. 555; *Bloomington, etc., Co.* v.

*Phillips* (1917), 65 Ind. App. 189, 116 N. E. 850; *Sugar Valley Coal Co.* v. *Drake* (1917), 66 Ind. App. 152, 117 N. E. 937. We find no reversible error. The award of the full board is not contrary to law and is affirmed.