CARTER *v.* NEELEY'S ESTATE ET AL.

[No. 15,648. Filed June 1, 1936.]

*Busby & Davisson,* for appellant.

*Russell E. Stewart* and *William A. Hill,* for appellees.

CURTIS, J.—This is an appeal from an award of the full Industrial Board of Indiana denying the appellant compensation. The finding and order of the full Industrial Board is as follows:

"And the full Industrial Board having heard the argument of counsel, having reviewed the evidence and being duly advised therein now finds that on April 26, 1934, while in the employ of Thompson G. Neeley, at an average weekly wage of $25.00, plaintiff suffered an injury as the result of an accident arising out of and in the course of his employment of which the said Neeley had knowledge; that Thompson G. Neeley died on May 24, 1935, and that Loran R. Robbins was duly appointed executor of the last will and testament of the said Neeley; that prior to his death the said Thompson G. Neeley paid Sanford Carter, plaintiff herein, the sum of $300.00, to be in full satisfaction of all liability then existing or thereafter to exist as a claim or right of action against the said Thompson G. Neeley for an accidental injury sustained by plaintiff on April 26, 1934, while engaged in carpenter repair work at 901 Meridian Street, Anderson, Indiana; that at the time of the accidental injury the said Neeley had not complied with the provisions of the Indiana Workmen's Compensation Act, providing for insurance covering of his employees; that the said Neeley had not secured from the Industrial Board privilege of carrying his own risk; that the said Neeley had not rejected the provisions of the Indiana Workmen's Compensation Act; that on July 31, 1934, Sanford Carter entered into an agreement with the said Thompson G. Neeley, whereby for the sum of $300.00 he released the said Thompson G. Neeley from any and all liability now existing or resulting from or to result from an accident which occurred at 901 Meridian Street, Anderson, Indiana, on April 26, 1934.

It is further found by the full Industrial Board of Indiana, by a majority of its members, that the said Sanford Carter elected to pursue his rights at common law and that the Industrial Board has no jurisdiction in the within cause.

ORDER.

It is therefore considered and ordered by the full Industrial Board of Indiana by a majority of its members that plaintiff's application for the adjustment of claim for compensation, filed July 20, 1935, should be and the same is hereby dismissed for lack of jurisdiction, with costs to plaintiff."

The error relied upon for reversal is that: "The award of the full Industrial Board is contrary to law." This assignment of error is sufficient to present all questions sought to be presented.

The appellant in his brief alleges that there was no evidence of and that the board could not take judicial notice of the following facts: "(1) That at the time of the accidental injury the said Neeley had not complied with the provision of the Indiana Workmen's Compensation Act providing for insurance covering his employees; (2) That the said Neeley had not secured from the Industrial Board privilege of carrying his own risk; (3) That the said Neeley had not rejected the provisions of the Indiana Workmen's Compensation Act." In general language judicial notice or knowledge means that the court will bring to its aid, without proof or evidence of the facts, its knowledge of the existence or non-existence of such facts. Sections 68 and 69 of the Indiana Workmen's Compensation Act (§§40-1601, 1602, Burns 1933, §§16444, 16445, Baldwin's 1934) require that every employer except those exempted, shall insure and keep insured his liability under the Act in some corporation, association or organization authorized to transact the business of workmen's compensation insurance in this state, or shall furnish to the Industrial Board satisfactory proof of his financial ability to pay direct the compensation in the amount and manner and when due as provided for in the Act. Evidence of his compliance with the said insurance provisions is required by said section 69 to be filed with

the Industrial Board. In case the employer is authorized by the board to carry his own risk as above mentioned he must receive from the Board a certificate to that effect. If an employer wishes to except himself from the compensation act he is required to give certain notices to his employees. A copy of such notice in prescribed form must be filed with the Industrial Board within five days after its service. The board has the right to take judicial notice or knowledge of these matters. They are an official part of its records. It is not necessary to attempt to enumerate the varied and numerous matters of which a court or body such as the Industrial Board may take judicial notice or knowledge. For the purpose of this opinion it is sufficient that we hold that the Industrial Board may properly take judicial notice of its own records in the particulars above mentioned. The finding of the Industrial Board that the appellant had not complied with the requirements of sections 68 and 69 of the Act and had not excepted himself from the Act was a finding of fact based upon the Board's own records of which it had judicial knowledge and this court will not disturb such finding unless the evidence contrary to such a finding is of such controlling nature as to force a contrary conclusion. There is no evidence whatever in the instant case to the effect that the said Neeley complied with said provisions of the Act. We are therefore bound by said finding. On the question of judicial notice and knowledge see: 1807 and succeeding sections, page 58, volume 23, Corpus Juris.

The remaining question decisive of this appeal is whether the finding of the board that the release which the appellant executed to the appellee in the sum of $300.00 is a bar to an action for compensation before the Industrial Board is sustained by the evidence. The board so held by dismissing the cause for lack of jurisdiction of the subject matter.

Under the provisions of the Workmen's Compensation Act an employee may elect which will be his remedy when his employer has neglected or refused to comply with the said insurance provision of the Act. The employee may proceed under the terms of the Act or he may bring an action at law. See section 69 of the Act.

The following is a copy of the release executed by the appellant to the appellee:

"For the sum of $300.00 Dollars, the receipt of which is hereby acknowledged, I hereby release Thompson G. Neeley from any and all liability now existing or resulting from or to result from an accident which occurred at 901 Meridian Street, Anderson, Indiana, on the 26th day of April, 1934.

In witness whereof I have hereunto signed my name this 31st day of July, 1934.

(signed) S. M. CARTER.

(signed) LORAN R. ROBBINS,
Witness.

The receipt above set out in the instant case, unlike the receipt contained in the case of *Olsen* v. *Canter* (1931), 93 Ind. App. 150, 176 N. E. 27, is unambiguous and there is no claim of any overreaching in its procurement. It clearly states that it is a release "from any and all liability now existing or resulting from or to result from" the accident in question. Therefore the finding of the board that the release was given in settlement of the appellant's right at law, and that it did not have jurisdiction was sustained by the undisputed evidence from which the board could properly conclude that the settlement was a settlement of the appellant's right at law provided in said Sec. 69 of the Act.

When the appellant executed the above release to the appellee's decedent he elected to proceed at law rather than to receive compensation under the Workmen's Compensation Act. In so doing, the appellant cannot be

heard to complain of his election. See *Olsen* v. *Canter,* *supra,* and the cases therein cited.

Having found no reversible error the award is affirmed.

Bridwell, Dudine, JJ., dissenting.