Sidney Lee GLOVER and Barbara Rae Glover, Appellants (Defendants Below),

v.

Billie Lee OTTINGER and Marjorie J. Ottinger, Appellees (Plaintiffs Below),

and

Clifford C. Ottinger, Appellee (Third Party Defendant Below).

No. 2–878A263.

Court of Appeals of Indiana, Second District.

March 5, 1980.

Stephen D. Morrison, Attica, for appellants.

Goltra & Harrison, Columbus, for appellees.

SHIELDS, Judge.

Appellants Sidney Lee Glover and Barbara Rae Glover (Glovers) appeal from a judgment against them and for appellees Billie Lee Ottinger and Marjorie J. Ottinger (Ottingers). Glovers assert the following errors:

1. The trial court's failure to take judicial notice of a judgment by Glovers against Clifford C. Ottinger in the amount of $11,761.06;

2. An excessive judgment due to the trial court's
   (a) disallowance of certain claimed setoffs, and
   (b) excessive award of attorney fees; and

3. The trial court's erroneous admission into evidence of certain of Ottingers' offered exhibits.

We affirm.

Clifford Ottinger contracted to purchase the Big Pine Golf Course. He later assigned the contract to Glovers. Part of the consideration for the assignment was a promissory note. Clifford Ottinger assigned the promissory note to Ottingers (his brother and his brother's wife). Ottingers brought suit on the defaulted promissory note; Glovers claimed setoffs arising out of the assigned contract which they pursued against both Ottingers and Clifford Ottinger, the latter being made a party to the litigation and subsequently defaulted.

I

Glovers contend the trial court should have taken judicial notice of a judgment they obtained against Clifford Ottinger.

Judicial notice

. . . means that the court will bring to its aid, without proof or evidence of the facts, its knowledge of the existence or nonexistence of . . . facts.

*Carter v. Neeley's Estate*, (1936) 102 Ind. App. 257, 259, 2 N.E.2d 221, 222.

The trial court's judgment reveals it did take judicial notice of the judgment against Clifford Ottinger. The judgment Glovers appeal reads, in part:

On November 15, 1977, defendants (Glovers) obtained a default judgment against third-party defendant, Clifford C. Ottinger, in the amount of $11,761.06, being the total of the five setoffs claimed in the Motion.

Therefore, the issue has no merit.

II

A

Glovers urge the judgment below is excessive because it was not set off by the

judgment they obtained against Clifford Ottinger. They present this alleged error by means of a three-sentence argument with a solitary statutory citation to IC 26–1–3–306 (Burns 1974 Ed.). The statutory reference is, at best, the threshold to the myriad of facets to Glovers' position, which should include, in part, the law of contract, assignment, pleading, and merger. Under Indiana Rules of Procedure, Appellate Rule 8.3(A)(7), an issue which is presented as a bald assertion of error without support by legal authority is deemed waived. Certainly this issue as presented by Glovers falls within this category. Glovers do not even attempt to argue they seek to overturn existing law or make new law or are presenting a new issue for which authority is unavailable. The issue of the setoff of the judgment against Clifford Ottinger is deemed waived.

### B

Glovers next urge the judgment is excessive because it was not set off by the value of tables, chairs, golf balls, golf clubs, calendars, and coffee pot. The trial court in its judgment stated Glovers were "estopped from receiving credit" for the tables, chairs, and calendars "on account of the long delay in notifying plaintiffs (Ottingers) of such claims," and there was no "proof of payment" as to the golf balls, golf clubs, and coffee pot.

▪ Glovers' argument concerning the golf balls, golf clubs, and coffee pot, expressed in three sentences with absolutely no authority, suffers the same defect as the issue of the Clifford Ottinger judgment and is deemed waived.

Glovers attack the trial court's "estoppel" of their claimed setoffs for the tables, chairs, and calendars by arguing the judgment is contrary to law because the evidence is insufficient to support findings of:

(1) a false representation

(2) with the intention the Ottingers should act upon it, and

(3) detrimental action by the Ottingers on the false information.[1]

Ottingers respond the purported setoffs were barred as they were not pled in a counterclaim as required by Indiana Rules of Procedure, Trial Rule 13. In addition, Ottingers urge the items were not asserted as setoffs in a timely fashion and thus, under IC 26–1–1–103 (Burns 1974), the trial court acted properly.

Ottingers unsuccessfully defend the trial court's judgment by arguing the purported setoffs were barred because they were not pled.

▪ Glovers did not attempt to use their claimed setoffs for the purpose of obtaining an affirmative recovery. Therefore, they had the option to use them as either a permissive counterclaim under TR. 13(B) or to use them defensively. Apparently Glovers chose the latter course of action because the record does not reveal the existence of any pleading construable as a counterclaim. However, under the provisions of T.R. 15(B) when an issue not raised by a pleading is tried by the implied consent of the parties, the pleadings are treated as amended to include the issue. Implied consent can result from evidence on the issue being received in evidence without objection. This is what occurred in this case. During the trial evidence concerning the disappearance of the tables, chairs, and calendars, as well as their value, was received into evidence without an objection based on a pleading deficiency from Ottingers. We therefore treat the pleadings as amended to include an affirmative defense of setoffs for the tables, chairs, and calendars.

In its decision the trial court made the following findings of fact which the evidence supports:

In mid-August, 1974, plaintiffs notified defendants of the assignment. The transaction was discussed and defendant, Sidney Lee Glover, expressed surprise at the number of unpaid bills relating to the golf course. He testified that plaintiff,

---

**1.** *See AAA Wrecking v. Barton, Curle & McLaren,* (1979) Ind.App., 395 N.E.2d 343, for a statement of the complete elements of equitable estoppel.

Billie Lee Ottinger, said he was sure that Clifford would do his best to pay them, and if he did not get them paid, he, Billie would "step in." No specific bills were mentioned and plaintiffs returned to Arizona.

After the note became due in August 1975, Billie called Sidney about payment. Sidney related problems in obtaining financing and that they had applied for a loan from Small Business Administration. He then mentioned certain unpaid taxes and a bill from Harrison Steel Castings Company. Billie told him to deduct the amount of the taxes and Sidney promised to send payment of the note.

The evidence considered most favorable to the Ottingers is the Glovers did not advise the Ottingers of these specific claims for the tables, chairs, and calendars until the entry of the pretrial order on November 21, 1977, the first day of trial.

■ Because Glovers had the burden of proof on the setoffs, they are appealing from a negative judgment. On appeal Glovers must establish the evidence at trial led to but one conclusion and the trial court reached an opposite conclusion. *Matter of Adoption of Hewitt*, (1979) Ind.App., 396 N.E.2d 938.

■ The trial court's findings support its conclusion of law of estoppel. The findings reasonably support the conclusion common honesty and fair dealing required Glovers to fully advise Ottingers of all the specific claimed setoffs once they ceased speaking in generalities (mid-August 1974 conversation) and spoke in specifics (conversation after the note became due). The findings further reasonably support the conclusion the Glovers must have at least expected Ottingers would reasonably assume the Harrison bill and the real estate taxes were the only claims. The conversation after the note became due was an effort by Ottingers to secure payment from the Glovers. The Glovers were at one time seeking a reduction of the amount due because of claims against Clifford Ottinger and promising

payment of the balance after deduction of the claims. In fact, that result was achieved. Acting on the assumption the only claims were the Harrison bill and the real estate taxes, Ottingers changed their position. They recognized the disputed claim for the real estate taxes and told Glovers to reduce the amount due them by the amount of the real estate taxes.[2] Therefore, contrary to Glovers' assertion, the trial court's findings, supported by the evidence, support the trial court's conclusions:

(1) of a conduct by Glovers calculated to convey the impression the facts were otherwise than, and inconsistent with, those they subsequently attempted to assert,

(2) with the intention or expectation by Glovers their conduct would be acted upon or influence Ottingers, and

(3) the Ottingers did in fact act to their detriment.

We find no error in the trial court's denial of any setoff for the tables, chairs, and calendars.

C

■ Finally, Glovers contend the judgment of the trial court was excessive because of an award of attorney fees in the amount of $4,750.

The evidence reveals and the court found the attorneys for Ottingers expended 160¾ hours in the preparation and trial of this case. The trial court award compensates Ottingers' counsel at the rate of $29.55 per hour. While we might agree the hours expended appear excessive for a simple suit on a promissory note, the record in this cause supports the trial court's judgment not only that the hours were reasonably expended but also the amount per hour was reasonable.

The award of attorney fees is within the discretion of the trial judge and we reverse only for abuse. *Stegall v. Stegall*, (1972) 151 Ind.App. 26, 277 N.E.2d 802. There is no such abuse in this record.

2. At trial the court below allowed a setoff for the amount of the real estate taxes.

### III

The last error asserted by Glovers involves the admission into evidence of a contract for the purchase of the Big Pine Golf Course between third parties as sellers and Clifford C. Ottinger as purchaser (Plaintiffs' Exhibit 2), a contract of assignment of Plaintiffs' Exhibit 2 between Clifford Ottinger and his wife as assignors and the Glovers as assignees (Plaintiffs' Exhibit 7).

Glovers' sole contention is the exhibits were irrelevant and their admission prejudicial. Evidence that has a logical tendency to prove a material fact is relevant. *Hedges v. Public Service Co. of Indiana, Inc.,* (1979) Ind.App., 396 N.E.2d 933. The law assumes any inappropriate evidence received during the course of a trial to the court is excluded by the court in its consideration unless it is shown the objecting party was harmed by its admission. *Smith v. Indiana State Board of Health,* (1974) 159 Ind.App. 360, 307 N.E.2d 294. Glovers make no effort to support their bald assertion of prejudice by the admission of the three documents. Furthermore, each document had marginal relevancy to the Ottingers' case and even more to the Glovers'. The terms of Plaintiffs' Exhibit 4 required the execution of the promissory note which was the subject of the Ottingers' complaint and incorporated Plaintiffs' Exhibit 2 by reference; these same two exhibits were the foundation of the Glovers' claimed setoffs; Plaintiffs' Exhibit 7 required the assignment of the sued-upon promissory note by Clifford Ottinger to the Ottingers.

We find no reversible error in the admission of these exhibits.

We affirm the court's judgment.

BUCHANAN, C. J., and SULLIVAN, J., concur.